James L. SMITH and Carolyn S. Smith, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 85–7178.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 1986 *.

Decided Sept. 25, 1986.

* Oral argument waived by the court.

Richard L. Stradley, Hillsboro, Or., for petitioners-appellants.

Douglas Coulter, David E. Carmack and Patricia Bowman, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before WRIGHT and ANDERSON Circuit Judges, and LYNCH,** District Judge.

LYNCH, District Judge:

BACKGROUND

Appellants James and Carolyn Smith ("taxpayers") are husband and wife who filed joint tax returns for the years 1979 and 1980. During those two years Mr. Smith was a longshoreman for the port of Anchorage, and Mrs. Smith was employed by the Bureau of Census as an insurance agent during 1979, and as a census taker during part of 1980. Together they reported gross income in 1979 of $70,709 and in 1980 of $68,485.

In 1979 taxpayers obtained from Universal Life Church, Inc. ("ULC, Modesto") credentials of minister and a charter to form a chapter of ULC, Modesto. Mrs. Smith also received a certificate of bishop. The Smiths formed a chapter of the ULC, Modesto designated as Charter No. 30683, which they dubbed the Denali Universal Life Church ("local chapter"), and which was originally comprised of taxpayers, two friends, and Mrs. Smith's daughter.

Mrs. Smith opened an account at the Alaska U.S.A. Federal Credit Union in the names of Universal Life Church Inc. and Denali Universal Life Church. Mrs. Smith and her daughter shared signatory powers over the account, but it has been stipulated that taxpayers determined what expenses would be paid from the account. Taxpayers used the funds to pay expenses which included mortgage payments on a trailer that they owned and designated as their church address, utility and telephone bills, and automobile expenses.

On their 1979 and 1980 tax returns, taxpayers claimed deductions for charitable contributions for the amounts of $26,177 and $22,676, respectively, which they had deposited in the credit union account. The Commissioner of Internal Revenue ("IRS") disallowed the claimed deductions in a statutory notice of deficiency.

Taxpayers also claimed deductions of $2,779 for union dues for 1979 and $400 for tax consulting fees for 1980. The IRS disallowed $298 of the union dues deduction and the entire deduction for tax advice. The IRS also asserted additions to tax under 26 U.S.C. section 6653(a) for negligent or intentional disregard of the tax laws.

Taxpayers petitioned the Tax Court for redetermination of the deficiencies and additions. In an opinion entered December 27, 1984 (published at 49 T.C.M. (CCH) 353), the Tax Court sustained the IRS determinations and declined to award damages sought by the IRS pursuant to 26 U.S.C. section 6673 for instituting a frivolous or groundless action, or bringing suit for delay.

Taxpayers took a timely appeal from the final order of the Tax Court. This Court has jurisdiction by virtue of 26 U.S.C. section 7482.

ANALYSIS

A taxpayer must demonstrate entitlement to a deduction by showing that he comes within the terms of a statute allowing the deduction. *Interstate Transit Lines v. Commissioner,* 319 U.S. 590, 593, 63 S.Ct. 1279, 1281, 87 L.Ed. 1607 (1943). These taxpayers bear the burden of proving their entitlement to the union dues, tax advice and charitable deductions, and of proving the inappropriateness of the negligence penalty, because they are seeking to overturn a determination of deficiency by the IRS. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Kalgaard v. C.I.R.,* 764 F.2d 1322, 1323 (9th Cir.1985) (IRS decision disallowing deduction has presumption of correctness); *Hall v. C.I.R.,* 729 F.2d 632, 635 (9th Cir. 1984) (additions to tax presumptively correct); Rule 142(a) Rules of Practice and

---

** The Honorable Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation.

Procedure of the United States Tax Court (May 1, 1979). The Tax Court found that taxpayers failed to meet that burden on each of the relevant issues. This Court can overturn such findings only on a showing that they are clearly erroneous. *Hall v. C.I.R.*, 729 F.2d at 634.

1. Religious Deductions

Taxpayers bear a heavy burden of proving the facts that would entitle them to a charitable deduction when they control the donee church. *See Bubbling Well Church of Universal Love v. C.I.R.*, 670 F.2d 104, 105 (9th Cir.1981). The Tax Court correctly concluded that taxpayers failed to meet that burden.

Contributions "to or for the use of" ULC, Modesto are deductible under 26 U.S.C. section 170. *Rager v. C.I.R.*, 775 F.2d 1081, 1082 (9th Cir.1985) (citing *Universal Life Church Inc. v. United States*, 372 F.Supp. 770 (E.D.Cal.1974)). Taxpayers stipulated that only a *de minimis* sum was contributed "to" ULC, Modesto, and the Tax Court's finding that the deposits to the credit union were not "for the use of" ULC, Modesto were not clearly erroneous. No evidence was admitted to indicate that the money benefitted ULC, Modesto in any way[1] and the Tax Court found that the testimony of Bishop Imbeau of ULC, Modesto to the effect that "solicitations are made to further the ministry, get out the word, and support the basic ministry and the people who work for the church" did not satisfy taxpayers' burden of proving the deposits were "for the use of" ULC, Modesto. Having reviewed the testimony, we cannot disagree; the Tax Court's findings were supported by the testimony and were certainly not clearly erroneous.

The Tax Court also found that taxpayers failed to show that the local chapter qualified under 26 U.S.C. section 170 as a charitable or religious organization "no part of the net earnings of which inures to the benefit of any private shareholder or individual...." 26 U.S.C. section 170(c)(2)(C), and, therefore, that any contribution to the local chapter could not be deductible. The finding was not clearly erroneous, for taxpayers produced no admissible evidence documenting the expenditures of the local chapter. The Tax Court refused to admit a summary of expenditures of the church that was compiled by taxpayers. The refusal was justified by a sanctions order that prevented taxpayers from presenting any documentary evidence at trial other than that which had been discovered. *See McCoy v. C.I.R.*, 696 F.2d 1234, 1236 (9th Cir.1983) (affirming sanction of dismissal for failure to comply with discovery requests). Consequently, the Tax Court did not abuse its discretion in barring the evidence, and the finding that taxpayers failed to establish that the local chapter was a qualified organization under 26 U.S.C. section 170 was not in error.[2]

26 U.S.C. section 170(c)(2)(B) requires that an organization attempting to qualify as the recipient of religious donations be organized and operated solely for religious purposes. The Tax Court's finding that taxpayers failed to meet their burden on this issue was not clearly erroneous. The evidence adduced as to the organization of the local chapter was a copy of the chapter's bylaws. A review of the bylaws indicates that the Tax Court committed no error in finding that they did not limit the chapter to solely religious purposes. The bylaws did limit the conduct of the di-

---

**1.** Taxpayers have appealed the refusal of the Tax Court to allow the admission of letters from ULC, Modesto acknowledging payment of the contributions. As there was no one present to lay the proper foundation for their admissibility, and no church records were produced to support the letters of receipt, it was proper for the Tax Court to refuse to admit them. *See Rager*, 775 F.2d at 1083. Moreover, the letters support the theory that the contributions were "to" ULC, Modesto, not that they were "for the

use of" that church. Consequently, the stipulation made the letters largely irrelevant.

**2.** Taxpayers' argument that the local chapter had no "net earnings" to inure to anyone's benefit after church expenses had been deducted fails because "net earnings" has been given a broad definition by this, and other, courts. *See Hall*, 729 F.2d at 634.

rectors of the local chapter to purposes allowed by the Articles of Incorporation of ULC, Modesto, but those articles were not offered as evidence. Consequently, taxpayers did not meet their burden of proving that the organization of the local chapter was solely for religious purposes.

 Nor did the Tax Court err in finding that the taxpayers did not meet their burden of proving that the local chapter was operated solely for religious purposes. The only evidence on the issue was the testimony of Mrs. Smith, and the Tax Court found it vague and inadequate. As the trial court is not compelled to accept even uncontroverted testimony when it doubts the credibility of a witness, *see Ruark v. C.I.R.*, 449 F.2d 311, 312 (9th Cir.1971); *DeWelles v. C.I.R.*, 378 F.2d 37, 39 (9th Cir.) *cert. denied*, 389 U.S. 996, 88 S.Ct. 501, 19 L.Ed.2d 494 (1967), the finding that the taxpayers did not meet their burden on the issue was not erroneous.

In sum, the Tax Court committed no error in finding that the taxpayers failed to meet their burden of establishing the several prerequisites to a religious deduction.

### 2. Tax Advice and Union Dues Deductions

 Taxpayers presented no admissible evidence that they paid the portion of the union dues for which the deduction has been disallowed. As they have not challenged the Tax Court's refusal to admit an illegible document purporting to be a receipt for the amount, there is no basis for finding that the Tax Court erred in finding that taxpayers did not meet their burden of establishing that they had paid the amount for which they claimed a deduction.

 Similarly, taxpayers could not document the payment of $400 for tax advice. They produced a bill for that amount, but the only evidence that the bill had been paid was the testimony of Mrs. Smith. As the trial court is free to discount the testimony of a witness, *see Ruark*, 449 F.2d at 312; *DeWelles*, 378 F.2d at 39, which it did, the Tax Court's finding that taxpayers

failed to sustain their burden was not clearly erroneous. Moreover, taxpayers were deemed to have admitted that they had not paid the bill because they failed to respond to a request for admissions. *See* Rule 90(c) Rules of Practice and Procedure of the United States Tax Court (May 1, 1979). Taxpayers have not challenged the deemed admission. Consequently, there was no error in finding that taxpayers failed to meet their burden on this issue.

### 3. Additions to Tax Under 26 U.S.C. Section 6653(a)

 The Tax Court did not err in finding that taxpayers failed to sustain their burden of proving that the underpayment of their taxes was not due to negligence or intentional disregard of tax laws. Although taxpayers could have avoided the addition to tax by establishing that they relied on the advice of a tax expert, the only evidence that they relied on an expert was the testimony of Mrs. Smith. As the Tax Court accorded the testimony no weight, there was no error in finding that taxpayers failed to meet their burden. *See Hanson v. C.I.R.*, 696 F.2d 1232, 1234 (9th Cir.1983).

### 4. Bias of the Tax Court

 Taxpayers contend that the record "is overflowing with examples of the partiality of the trial court, who worked for [the IRS] prior to his twenty-plus years on the Tax Court bench, in favor of the [IRS]." Taxpayers accuse the judge of harassing Mrs. Smith, incorrectly sustaining objections, refusing to continue the case, and other peccadilloes. Appellants' brief at 19–21. Taxpayers argue that "it is obvious ... that the court already had its mind made up, and was not about to allow the Petitioner to introduce any evidence, that might serve to benefit their case."

A reading of the transcript reveals that, at worst, the Tax Court expressed impatience and exasperation with taxpayers' counsel and his handling of the case, but there is no indication that meaningful evi-

dence was improperly excluded or that taxpayers were treated unfairly.

The record here does not indicate "an attitude or state of mind that belies an aversion or hostility of a kind or degree that a fair-minded person could not entirely set aside when judging certain persons or causes." *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.) *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980) (finding no grounds to conclude that the judge could not have tried the case fairly even though he had, on several occasions, made deprecating remarks about the defendant). Consequently, we conclude that taxpayers did not receive an unfair trial warranting remand or reversal.

SANCTIONS

The court of appeals may assess damages against taxpayers and their attorney for filing a frivolous appeal, for delay, or for vexatious litigation. *Kalgaard*, 764 F.2d at 1324 (citing 26 U.S.C. section 7482(c)(4); 28 U.S.C. section 1927; Fed.R.App.P. 38). An appeal is frivolous when the result is obvious or the appellant's arguments are wholly without merit. *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1288 (9th Cir.1984).

This appeal is frivolous. The Commissioner of Internal Revenue is entitled to double costs and $1000 in attorney's fees in this court together with the judgment in the Tax Court. Taxpayers and their counsel are jointly and severally liable for the costs and fees on appeal. *See Rager*, 775 F.2d at 1084.

CONCLUSION

The judgment of the Tax Court is AFFIRMED. Appellee's motion for sanctions is GRANTED.