**John E. HANSEN; Imelda M. Hansen, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE,**
**Respondent.**

No. 86–7076.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 1986.

Decided June 30, 1987.

John E. Hansen, Imelda M. Hansen, for petitioners, pro se.

Michael L. Paup, Washington, D.C., for respondent.

Before TANG, FERGUSON and HALL, Circuit Judges.

TANG, Circuit Judge:

The Commissioner of Internal Revenue ("Commissioner") determined that a charitable deduction made by John and Imelda Hansen was invalid. The Hansens appeal the Tax Court's decision upholding the Commissioner's deficiency assessment and additions to tax. The Hansens contend on appeal that: 1) they did not receive a fair trial; 2) the charitable deduction was valid; 3) the Commissioner erred in assessing a deficiency because a prior overpayment by the Hansens offset the deficiency; 4) the additions to tax were improper; and 5) the Tax Court improperly assessed damages for a frivolous claim.

## FACTS

The taxpayer/appellants in this case are John E. Hansen and Imelda M. Hansen, husband and wife. The charitable deduction at issue was taken as donations made by the Hansens in 1981 to the Church of Man ("Church").

In 1972, John Hansen drew up a document entitled "Creating Instrument of the Church of Man." At the same time he issued to himself a Certificate of Ordination as a minister in the Church. John Hansen has never performed any religious ceremonies. There was only one other formal member of the Church. John Hansen testified without documentary substantia-tion that this member performed a few marriages.

Hansen testified that services were scheduled every Sunday from 12 noon to 2 p.m. The services occurred in the Hansens' living room. It is unclear, however, how often meetings actually occurred.

The Internal Revenue Service issued a letter on May 24, 1973, granting the Church tax-exempt status pursuant to section 501(c)(3) of the Internal Revenue Code (the "Code"). The exemption letter stated that contributions to the Church could be deducted as provided in section 170 of the Code.

On September 16, 1974, John Hansen, as chairman of the Church's governing body, caused the Church to make a $300,000 award to his wife for her devotion in furthering the goals of the Church of Man. The award periodically paid in installments. Only a portion of the award had been paid through the tax year in question.

Since 1972, the Church has maintained a bank account. The account was opened by John Hansen. He has made all the deposits to the account and has written all of its checks. During the year at issue, 1981, he deposited $1450, and wrote 12 checks totaling $3060. All of these checks were made payable to cash, and endorsed and cashed by John Hansen. At trial, John Hansen testified without documentary substantiation that part of the proceeds from the 12 checks were distributed to the poor in Los Angeles, together with cards inviting them to contact Hansen for spiritual guidance. Hansen testified that the balance of the proceeds were distributed to Mrs. Hansen in partial payment of her Church of Man award.

The joint federal income tax return filed by the Hansens for calendar year 1981 included a deduction for charitable donations made to the Church of Man. Part of the deduction consisted of the $1450 which John Hansen deposited into the Church bank account. The remainder consisted of interest earned by John Hansen on several bank accounts, and profits from two data processing businesses operated by the Hansens. John Hansen claimed that these

amounts belonged to the Church because he had taken a vow of poverty. At least some of this money went to Mrs. Hansen in part payment of her Church of Man award.

The Commissioner disallowed the charitable deduction and assessed a $1502 deficiency. Pursuant to section 6653(a) of the Code, the Commissioner imposed additions to tax for negligent or intentional disregard of the tax laws.

The Hansens petitioned the Tax Court for redetermination of the deficiency and additions. The Tax Court held in favor of the Commissioner. In addition, the Tax Court held that the Hansens' claim was frivolous, and assessed $5000 in damages pursuant to section 6673 of the Code. The Tax Court denied the Commissioner's oral motion to impose an addition to the tax for fraud.

The Hansens timely appeal. They raise issues that they did not receive a fair trial, that the Tax Court incorrectly disallowed the charitable deduction, that there was error in issuing a deficiency assessment because a prior overpayment offset the alleged deficiency, that the Tax Court incorrectly upheld the additions to tax pursuant to section 6653 and the Tax Court improperly assessed damages under section 6673.

## ANALYSIS

We review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a).

### I. *Fairness of Trial*

The Hansens claim that the trial judge was unfair and rushed John Hansen in his presentation of evidence. They argue, for example, that the judge abruptly terminated Hansen's testimony, refused to accept certain documents into evidence, and set an "unrealistic" time limit on Hansen's closing statement. The Hansens also claim that the trial judge was prejudiced against them and that this bias was evidenced *inter alia* by the judge's attempts to speed the trial and by the judge's frequent interruption of John Hansen's testimony.

■ The manner in which a judge conducts a trial is reviewed under an abuse of discretion standard. *Kalgaard v. Commissioner*, 764 F.2d 1322, 1323 (9th Cir.1985) (exclusion of evidence); *Kotz v. Bache Halsey Stuart, Inc.*, 685 F.2d 1204, 1208 (9th Cir.1982) (conduct of trial).

■ The standard for reversal on the basis of judicial misconduct during trial is whether the trial was unfair. *Handgards, Inc. v. Ethicon, Inc.,*. 743 F.2d 1282, 1289 (9th Cir.1984), *cert. denied*, 469 U.S. 1190, 105 S.Ct. 963, 83 L.Ed.2d 968 (1985). To demonstrate that the trial judge was biased, the Hansens must show that the judge's conduct reflected a disposition, based on extrajudicial sources, to treat him unfairly. *See Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1383 (9th Cir.1984). A trial judge's comments geared toward facilitating an orderly trial are not, in and of themselves, prejudicial. *Id.*

■ The Hansens' allegations fail to make the necessary showing of the type of bias which marks an unfair trial. *See Smith v. Commissioner*, 800 F.2d 930, 935–36 (9th Cir.1986) (bias of the kind or degree that a fair-minded person could not set aside when judging). Because a trial judge has wide discretion in conducting a trial, a clear and precise showing of prejudice must be made to demonstrate judicial misconduct, particularly in noncriminal trials. *See Handgards*, 743 F.2d at 1289. The Hansens do not provide any evidence of judicial bias based on extrajudicial sources. Neither do they demonstrate how the exclusions of evidence made by the judge adversely and unfairly affected their case. The limits placed on the Hansens' presentation were geared toward expediting the trial and were not shown to be an abuse of discretion.

### II. *Charitable Deduction*

■ The taxpayer has the burden of proving entitlement to a charitable deduction pursuant to section 170 of the Code. *Smith*, 800 F.2d at 933. Where, as here, the taxpayer controls the donee church,

this burden is particularly heavy. *Id.* at 934. The Tax Court's finding that the Hansens failed to meet this burden is a finding of fact subject to the clearly erroneous standard of review. *Commissioner v. Duberstein*, 363 U.S. 278, 291, 80 S.Ct. 1190, 1199, 4 L.Ed.2d 1218 (1960); *Kalgaard*, 764 F.2d at 1323.

The Tax Court disallowed the Hansens' charitable deduction because: 1) the donation was not an unconditional gift; and 2) the donee Church was not a qualified entity. These conclusions are not clearly erroneous.

 The term "charitable contribution" is synonymous with the term "gift." *De-Jong v. Commissioner*, 309 F.2d 373, 376 (9th Cir.1962). A payment is not a gift if it proceeds primarily from " 'the incentive of anticipated benefit' of an economic nature." *Duberstein*, 363 U.S. at 285, 80 S.Ct. at 1196 (quoting *Bogardus v. Commissioner*, 302 U.S. 34, 41, 58 S.Ct. 61, 65, 82 L.Ed. 32 (1937)). If the taxpayer retains control over a purported gift, the charitable deduction will be disallowed. *Pauley v. United States*, 459 F.2d 624, 627 (9th Cir.1972).

 The record indicates that many, and perhaps all, of the withdrawals made from the Church of Man's bank account went to Imelda Hansen. Some or all of this money was used to pay household expenses. The Hansens also failed to demonstrate conclusively that the interest and business profits which constituted most of the alleged donation were actually transferred to the Church. There is no evidence that the Tax Court was clearly mistaken in finding that the donation at issue was not an unconditional gift.

The record also supports the Tax Court's finding that the Church was not a qualified entity, even though it obtained an exemption letter from the IRS. To qualify for the charitable deduction under section 170, the donee church must be organized and operated exclusively for religious purposes. 26 U.S.C. §§ 170(c)(2)(B), 501(c)(3). The absence or near-absence of formal religious services, and of any significant donations

other than those made by the Hansens, together with the use of the $300,000 Church of Man award to obtain tax benefits, indicate that the Church was not organized exclusively for religious purposes. *See Pusch v. Commissioner*, 39 T.C.M. (CCH) 838 (1980).

In addition, a qualified donee's net earnings cannot inure to the benefit of any private individual. 26 U.S.C. §§ 170(c)(2)(C), 501(c)(3); *Smith*, 800 F.2d at 934. The fact that John Hansen had complete control over the Church's bank account, and that many of the contributions went directly to Imelda Hansen, indicates that this requirement was not met. *See Hall v. Commissioner*, 729 F.2d 632, 634 (9th Cir.1984); *Founding Church of Scientology v. United States*, 412 F.2d 1197, 1202, 188 Ct.Cl. 490 (1969), *cert. denied*, 397 U.S. 1009, 90 S.Ct. 1237, 25 L.Ed.2d 422 (1970); *Pusch*, 39 T.C.M. 838. Therefore, the trial court's conclusion that the Hansens failed to demonstrate that the Church of Man was a qualified entity is not clearly erroneous.

In sum, the Hansens' donation clearly does not qualify for the charitable deduction.

### III. *Deficiency*

Much of the Hansens' opening as well as reply brief is devoted to arguing that the Commissioner erred in issuing an assessment of deficiency. John Hansen testified at trial that, in 1980, he made an $11,497 overpayment which was applied to his 1981 tax return. This amount obviously more than offsets the $1502 deficiency at issue here. Therefore, the Hansens argue, there was no deficiency at all.

 Section 6211(a) of the Code defines deficiency as: "the amount by which the tax imposed ... exceeds ... the amount shown as the tax ... upon his return ... plus ... amounts previously assessed ... as a deficiency, [whether or not they have already been actually collected] over ... rebates."[1] Prior overpayments are not in-

---

1. A rebate is a credit made by the Commissioner

on the ground that the tax shown on the return

cluded in this equation. While it is true that an overpayment in a prior year can in certain circumstances be applied to the tax due in a subsequent year, this does not mean that the existence of an offsetting overpayment negates the existence of a deficiency. *See Schmidt v. Commissioner*, 272 F.2d 423, 425, 427 (9th Cir.1959). The argument that the Commissioner erred in assessing a deficiency is without merit.

### IV. *Additions to Tax under § 6653*

Section 6653(a)(1) of the Code imposes an addition to tax for any underpayment "due to negligence or intentional disregard of rules or regulations (but without intent to defraud)." The addition is 5 percent of the amount of such underpayment. Section 6653(a)(2) imposes an addition to tax of 50 percent of the interest due on such underpayment. Additions to tax imposed by the Commissioner are presumptively correct. The taxpayer has the burden of proving that an underpayment does not come under the terms of section 6653(a). *Hall v. Commissioner*, 729 F.2d 632, 635 (9th Cir.1984). The Tax Court's upholding of the addition to tax will not be reversed unless clearly erroneous. *Lysek v. Commissioner*, 583 F.2d 1088, 1094 (9th Cir.1978).

Negligence under section 6653(a) is determined by the reasonable, prudent person standard. *Betson v. Commissioner*, 802 F.2d 365, 372 (9th Cir.1986). Intentional disregard occurs when a taxpayer who knows or should know of a rule or regulation chooses to ignore its requirements. *Marcello v. Commissioner*, 380 F.2d 499, 506 (5th Cir.1967), *cert. denied*, 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835 (1968). If a taxpayer is "misguided and unsophisticated in the realm of tax law," and acts in good faith, additions to tax under section 6653(a) should not be assessed. *Haman v. Commissioner*, 500 F.2d 401, 403 (9th Cir.1974).

The Tax Court found that presence of negligence in the Hansens' actions "might be in doubt." However, the court held that there was "no doubt" that the Hansens intentionally disregarded the regulations applicable to charitable deductions.

This conclusion was not clearly erroneous. There is some evidence that the Hansens' actions come under the *Haman* exception. In finding that the Commissioner failed to prove that the Hansens' underpayment was fraudulent, the Tax Court stated that it was unclear whether the Hansens actually believed that the exemption letter obtained by the Church of Man extended to any and all contributions made to the Church. John Hansen's closing statement also indicates that he might have had a good faith belief that the deduction was permissible.

On the other hand, there is evidence that John Hansen knew that the lawfulness of the deduction was in doubt. The $300,000 award to Imelda Hansen is a particularly strong indication that the Hansens intentionally tried to abuse the tax system.

There is also evidence that the Hansens were negligent. The Hansens indicated a lack of due care in failing to heed the long line of cases invalidating church schemes to avoid tax, and the clear statutory proscription against charitable deductions for "donations" which inure to the benefit of the donor.

The evidence that the Hansens might have sincerely believed that the deduction was legitimate is not sufficient to support a finding that the Tax Court was clearly erroneous in upholding the additions to tax.

### V. *Damages under § 6673*

Section 6673 of the Code enables the Tax Court to assess damages up to $5,000 where the proceedings instituted by the taxpayer are "primarily for delay" or are "frivolous or groundless." [2] The only

---

exceeds the correct tax. When the Commissioner subsequently determines that the tax shown on the return is incorrect, the erroneous credit must be *added* to the deficiency assessment.

*See* 26 U.S.C. § 6211(b)(2) and Treas.Reg. § 301.6211–1(f).

**2.** The Hansens were warned of the possibility of a $5,000 assessment of damages under § 6673 in

Ninth Circuit case which mentions the standard of review applied the abuse of discretion standard. *Larsen v. Commissioner*, 765 F.2d 939, 941 (9th Cir.1985).[3]

The Tax Court's discussion of the grounds for imposing section 6673 damages is perhaps too cursory. The court simply states that the Hansens' claim is "obviously groundless and frivolous inasmuch as no reasonable person under these circumstances would attempt or would believe that he was entitled to claim a charitable deduction in this manner." Nevertheless, this apparent finding that the Hansens *should have known* that the deduction was impermissible and that the claim was frivolous allows for an assessment of damages under section 6673.[4] *See May v. Commissioner*, 752 F.2d 1301, 1306 (8th Cir.1985). The Tax Court's decision was neither clearly erroneous nor an abuse of discretion.[5] We sustain the assessment of damages.

AFFIRMED.

---

a letter from the IRS dated May 31, 1983. (Ex. B–1.)

**3.** The Commissioner in this case argues that the clearly erroneous standard applies. The standard supported by the Commissioner seems to make the most sense. The finding that a taxpayer used a Tax Court proceeding for purposes of delay, or that the claim was groundless or frivolous, seems to be one of fact. *Cf. Plunkett v. Commissioner*, 465 F.2d 299, 303 (7th Cir. 1972) (finding of fraud is a finding of fact). The *amount* of damages assessed, on the other hand, should be subject to the Tax Court's discretion. *See Sauers v. Commissioner*, 771 F.2d 64, 70 (3d Cir.1985). The court need not consider the question here, however, because under either standard the decision may be upheld.

**4.** The Tax Court's treatment of the fraud issue indicates that the Hansens did not have *actual* knowledge of the impermissibility of the deduction.

**5.** Hansen argues that § 6673 is unconstitutional because it stifles the right to petition the government for redress of grievances. This argument is frivolous. *Larsen*, 765 F.2d at 941. Hansen also argues that § 6673 is unconstitutionally vague. This argument is meritless. *Connor v. Commissioner*, 770 F.2d 17, 19 (2d Cir.1985). Finally, Hansen argues that § 6673 violates the Eighth Amendment by imposing a cruel and unusual punishment. This argument is clearly frivolous.