15 F.3d 1095
 73 A.F.T.R.2d 94-780
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George L. VAUGHN, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70345.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1993.*
Decided Dec. 30, 1993.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George L. Vaughn appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's determination of income tax deficiency based on unreported income of $7,413 for the tax year 1986. Vaughn assigns three errors in the tax court procedure. None has merit. We affirm.
 
 
 3
 The tax court did not err by upholding the Commissioner's deficiency determination. Vaughn failed to rebut the presumption that the Commissioner's deficiency determination based on unreported income was correct. See Smith v. Commissioner, 800 F.2d 930, 933 (9th Cir.1986). Vaughn failed to show that the amount was excludable from his gross income and failed to substantiate his claimed business deductions to offset the unreported income. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955); Smith, 800 F.2d at 933.
 
 
 4
 The tax court did not abuse its discretion by denying Vaughn's motion for recusal because Vaughn failed to establish that the alleged bias stemmed from an extrajudicial source. See Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991). Vaughn's memorandum accompanying this recusal motion draws an inference of bias from the judge's decision to grant the government's request for a continuance. Because Vaughn's grievance was with the judge's performance while presiding over Vaughn's case rather than any extrajudicial source, the tax court had no basis for granting the recusal motion.
 
 
 5
 Finally, the tax court did not abuse its discretion by denying Vaughn's motions for reconsideration based on (1) his allegation that the tax court erred by refusing to accept his testimony; and (2) newly discovered evidence. A court may refuse to accept testimony when it doubts the credibility of the witness, see Smith, 800 F.2d at 935, and Vaughn failed to establish that the evidence could not have been discovered earlier through due diligence, see Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir.1987).
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3