19 F.3d 32
 73 A.F.T.R.2d 94-1616
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jan H. VISSER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70522.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 24, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jan H. Visser appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of tax deficiency and additions to tax for tax years 1979, 1980, 1981 and 1983. The tax court upheld the Commissioner's determination disallowing investment tax credits, and depreciation and business expense deductions claimed by Visser in connection with Visser's purchase of a greenhouse. The tax court also upheld the Commissioner's imposition of additions to tax for negligence. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482(a). We affirm.
 
 
 3
 * Deficiency Determination
 
 A. Depreciation and Tax Credits
 
 4
 The Commissioner's deficiency determinations are presumptively correct. See Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir.1985). Visser has the burden of proving the determinations incorrect. See id.
 
 
 5
 The tax court disallowed depreciation deductions and investment tax credits on the greenhouse for tax years 1979, 1980, 1981 and 1983 after finding that the greenhouse had not been placed in service prior to 1985.[1]
 
 
 6
 A taxpayer is entitled to begin taking deprecation deductions on an asset when the asset is placed in service. 26 C.F.R. Sec. 1.167(a)-10(b). Similarly, a taxpayer is not entitled to an investment tax credit with respect to an asset until that asset is placed in service. Id. at 1.46-3(a)(1). An asset is placed in service when it is "first placed in a condition or state of readiness and availability for a specifically assigned function." Id. at 1.167(a)-11(e)(1)(i). Generally, use of an asset during construction does not satisfy the placed in service requirement. Noell v. Commissioner, 66 T.C. 718, 729 (1976). The asset is considered placed in service when available for full operation on a regular basis. Id.
 
 
 7
 Here, Visser does not challenge the tax court's finding that the greenhouse had not been placed in service prior to 1985. Although Visser states that in 1983 he unsuccessfully tried to grow tomatoes, he does not allege that the greenhouse was "in a state of readiness and availability" at that time since it had no roof and did not function as a greenhouse. Thus, Visser does not challenge the Commissioner's evidence showing that construction of the greenhouse had not been completed for the years in issue. Accordingly, because the record reveals that Visser's greenhouse had not been placed in service prior to 1985, the tax court did not clearly err by disallowing Visser to claim depreciation deductions and investment tax credit for tax years 1979, 1980, 1981 and 1983. See C.F.R. Sec. 1.167(a)-11(e)(1)(i); Rapp, 774 F.2d at 935.
 
 B. Business Expenses
 
 8
 Visser contends that the tax court erred by not allowing him to claim deductions for business expenses he incurred while constructing the greenhouse. This contention lacks merit.
 
 
 9
 Visser had the burden of presenting evidence proving the Commissioner's assessment incorrect and proving that he was entitled to claim the deductions. Smith v. Commissioner, 800 F.2d 930, 933 (9th Cir.1986). We review the tax court's determination that Visser failed to meet his burden for clear error. See id.
 
 
 10
 Here, although Visser claimed that he was entitled to deductions for insurance, rent, and taxes for tax year 1983, he failed to produce any documents to substantiate these claimed deductions. Accordingly, because Visser failed to carry his burden of showing that he was entitled to the deductions, the tax court's affirmance of the Commissioner's assessment was not clearly erroneous. See Smith, 800 F.2d at 933.
 
 II
 Additions to Tax
 
 11
 Visser contends the tax court erred by upholding the Commissioner's determination that he was liable for additions to tax for negligence pursuant to 26 U.S.C. Sec. 6653(a)(1). This contention lacks merit.
 
 
 12
 The tax court's finding that a taxpayer is liable for additions to tax for negligence will be set aside only if it is clearly erroneous. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991).
 
 
 13
 Section 6653(a)(1) imposes a 5% addition to tax against a taxpayer when any part of an underpayment is due to negligence. 26 U.S.C. Sec. 6653(a)(1). The addition to tax is an amount equal to 5% of the underpayment. Id. Prior to 1988, section 6653(a)(1) also imposed an addition to tax in an amount equal to 50% of the interest payable on such underpayment. Allen, 925 F.2d at 353. Negligence under section 6653(a) is "the lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances." Id. The Commissioner's determination of a negligence penalty is presumptively correct, and the taxpayer bears the burden of proving the addition was erroneous. Id.
 
 
 14
 Here, the tax court, noting that Visser was a real estate broker, found it hard to believe that he had not been aware of the basic rules regarding depreciation and investment tax credits. Moreover, the court noted that although Visser had been repeatedly warned that he carried the burden of proving entitlement to deductions and credits, he nevertheless failed to produce any records to substantiate his claims. Given these circumstances, the tax court did not clearly err by sustaining the Commissioner's negligence penalty. See Allen, 925 F.2d at 353.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The tax court also found that Visser had failed to adequately substantiate his investment tax credits and depreciation deductions. Because we may affirm on any basis finding support in the record, see King v. Commissioner, 857 F.2d 676, 681 (9th Cir.1988), we do not review the tax court's disallowance on this basis