29 F.3d 630
 74 A.F.T.R.2d 94-5487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary A. BYBEE; Frances Bybee, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70942.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary and Frances Bybee appeal pro se the tax court's decision upholding the Commissioner of Internal Revenue Service's ("IRS") (1) determination of federal income tax deficiencies for the tax years 1982 through 1984, and (2) imposition of additions to tax for negligence and substantial underpayment of income tax. We have jurisdiction under 26 U.S.C. Sec. 7482(a)(1), and we affirm in part and vacate and remand in part.
 
 
 3
 * Determination of Deficiencies
 
 A. Statute of Limitations: Tax Year 1982
 
 4
 The Bybees contend that the notice of deficiencies was issued fraudulently. It appears from the record, that the notice of deficiency for tax year 1982 may not have been issued within the three-year statute of limitations period contained in 26 U.S.C. Sec. 6501(a).
 
 
 5
 Generally, taxes must be assessed within three years from the date a return is "filed." See 26 U.S.C. Sec. 6501(a); Edwards v. Commissioner, 680 F.2d 1268, 1269 (9th Cir.1982). Here, neither the Commissioner, nor the tax court addressed the issue of whether the notice of deficiency was issued in a timely fashion. Accordingly, we vacate and remand for the tax court to consider, in the first instance, whether the Commissioner issued the notice of deficiency for tax year 1982 within the prescribed statutory period.[1]
 
 
 6
 B. Expense Deductions: Tax Years 1982 through 1984
 
 
 7
 The Bybees contend that the tax court erred by finding that the expenses they incurred in the development of a toxic waste disposal business were not deductible because they were start-up expenses rather than expenses incurred in carrying on a trade or business. This contention lacks merit.
 
 
 8
 The Bybees had the burden of presenting evidence proving the Commissioner's assessment incorrect and proving that they were entitled to claim the expense deductions. Smith v. Commissioner, 800 F.2d 930, 933 (9th Cir.1986). We review the tax court's determination that the Bybees failed to meet their burden for clear error. See id.
 
 
 9
 Under section 162(a) of the Internal Revenue Code ("Code") a taxpayer may deduct "ordinary and necessary expenses ... incurred during the taxable year in carrying on any trade or business." 26 U.S.C. Sec. 162(a). "An expense is generally not deductible under section 162 unless the taxpayer is engaged in an ongoing business at the time the expense is incurred." Kantor v. Commissioner, 998 F.2d 1514, 1518 (9th Cir.1993). Consequently, "a nascent business may not deduct its 'start-up' or 'pre-operational' expenses under section 162 and must instead capitalize them." Id.
 
 
 10
 Here, the Bybees' tax returns for tax years 1982 and 1983 described Gary Bybee's main business activity as "land developer" and the product as a "toxic waste storage site." The return listed $29,314 and $34,669 respectively, in expenses yet reported no gross receipts or sales and claimed no cost of goods sold. The Bybees' tax return for 1984 identified Gary Bybee's main business activity as "research and consulting" and the product as "security. The return showed $166.67 in gross receipts and sought a deduction for $33,065.
 
 
 11
 At trial, Gary Bybee testified that the purpose of his business was to find ways to prevent low-level nuclear and toxic waste from entering the food and water chain. He was forced, however, to abandon his efforts because of illness and financial difficulties. During the tax years at issue, Bybee failed to make any income from his activities, complete an actual product, enter into any contracts, or obtain permits for the construction of a waste disposal site. He also testified that he knew that it would take years for his efforts and research to come to fruition. Although Bybee testified that he had worked with a team of professionals, including several nuclear scientists, he refused to identify any members of this team, and admitted that the only persons he ever actually hired were his three sons. Thus, his deductions for "legal-professional services" and "travel and entertainment" represented his sons' "legal-work" on his behalf. This work included research at the universities they attended and obtaining and reading periodicals. Bybee stated that rather than paying his sons a salary, he covered their school and living expenses. Accordingly, at least some of the claimed office expenses consisted of the rent paid on his son's college apartments.
 
 
 12
 The tax court found that Bybee failed to submit sufficient evidence to establish that he was engaged in an ongoing trade or business. Thus, the court found that Bybee's investigation of business possibilities, prospects, and potential customers did not constitute carrying on a trade or business as defined under section 162. We agree. See Kantor, 998 F.2d at 1518.
 
 
 13
 Bybee's alleged business expenses also were not deductible pursuant to section 174 of the Code. Section 174(a)(1) permits a taxpayer to deduct "research or experimental expenditures which are paid or incurred by him during the taxable year in connection with his trade or business." 26 U.S.C. Sec. 174(a)(1); Kantor, 998 F.2d at 1518. For section 174 to apply, however, "the taxpayer must demonstrate a 'realistic prospect' of subsequently entering its own business in connection with the fruits of the research, assuming that the research is successful." Kantor, 998 F.2d at 1518. Thus, the taxpayer must manifest "both the objective intent to enter such a business and the capability of doing so." Id. Here, the Bybees failed to present any evidence demonstrating that they had the financial or organizational capability to establish a waste disposal business. Accordingly, because there was no "realistic prospect" of the Bybees entering a waste disposal business as a result of their research efforts, they were not entitled to claim the deductions pursuant to section 174(a)(1). Given these circumstances, the tax court did not clearly err by sustaining the Commissioner's deficiency determination for tax years 1982 through 1984. See Smith, 800 F.2d at 933.
 
 II
 Additions to Tax
 
 14
 The Bybees contend that the tax court erred by upholding the IRS's assessments of additions to tax for negligence under 26 U.S.C. Sec. 6653(a) and for substantial understatement of income tax under 26 U.S.C. Sec. 6661. This court reviews the tax court's decision upholding these additions to tax for clear error. Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991).
 
 A. Negligence
 
 15
 Negligence under section 6653(a) is defined as "the lack of due care or the failure to do what a reasonable and prudent person would do under similar circumstances." Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991). Section 6653(a)(1) imposes a five percent addition to tax against a taxpayer when any part of an underpayment is due to negligence. Id. Prior to 1988, section 6653(a)(1) also imposed a penalty of fifty percent of the interest due on the underpayment. Id. Because the IRS's assessment of a section 6653(a) addition to tax is presumed correct, the Bybees had the burden of proving that the underpayment was not the result of negligence. See id.
 
 
 16
 At trial, the Bybees testified that they relied on the IRS publication "Tax Guide for Small Businesses" to claim their deductions. As the tax court noted, however, this publication explicitly states that start-up costs such as travel expenses and research expenditures are not deductible but rather need to be capitalized. The tax court also correctly noted that many of the Bybees' alleged business expenses appeared to be personal in nature, and that the Bybees had failed to seek outside advice on the tax implications of their business activities. Given these circumstances, the tax court did not clearly err by imposing the negligence penalty. See id.
 
 B. Substantial Understatement
 
 17
 At the time the Bybees filed the returns at issue, section 6661 provided for an addition to tax equal to twenty-five percent of the amount of any underpayment attributable to a substantial understatement. See former 26 U.S.C. Sec. 6661(a).[2] An understatement was substantial if it exceeded the greater of ten percent of the tax required to be shown on the return or $5,000. See id. Sec. 6661(b)(1)(A). Where a taxpayer had "reasonable cause" or substantial authority to support the understatement and acted in good faith, the IRS had discretion to waive the penalty. See id. Sec. 6661(c); Norgaard, 939 F.2d at 880.
 
 
 18
 Here, the IRS determined that the Bybees were liable under section 6661 for a substantial understatement of tax for tax years 1982 through 1984. Because the Bybees understated their tax by more than ten percent for these tax years, the amounts assessed were correct. See former 26 U.S.C. Sec. 6661(b)(1)(A). The Bybees presented no evidence showing they had reasonable cause for the understatement or substantial authority for their position. See id. Sec. 6661(c); Norgaard, 939 F.2d at 880. Thus, the tax court did not err by upholding the IRS's addition to tax for substantial understatement. See Norgaard, 939 F.2d at 880-81.[3]
 
 
 19
 AFFIRMED in part, VACATED and REMANDED in part.[4]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that the Bybees' allege that the notice of deficiency was fraudulent because the Commissioner had failed to conduct audits of tax years 1982 and 1984 and therefore had failed to make actual determinations of their deficiencies prior to issuing the deficiency, notice, their contention lacks merit. As a general rule, we will not "look behind a deficiency notice to question the Commissioner's motives and procedures leading to a determination" of a taxpayer's liability. See Scar v. Commissioner, 814 F.2d 1363, 1368-70 (9th Cir.1987); Kantor v. Commissioner, 998 F.2d 1514, 1521 (9th Cir.1993) (rejecting taxpayers' contention that notice of deficiency was invalid because deficiency was valid on its face). Here, the notice of deficiencies are valid on their face; the disallowances by the Commissioner coincided with the deductions claimed on the Bybees' returns. Thus, the deficiencies indicate that the Commissioner had examined the returns. See Kantor, 998 F.2d at 1522
 
 
 [2]
 Section 6661 was repealed in 1989. See Licari v. Commissioner, 946 F.2d 690, 692 n. 3 (9th Cir.1991)
 
 
 [3]
 We reject the Bybees' contention that the tax court is not a legal court. See Redhouse v. Commissioner, 728 F.2d 1249, 1253 n. 2 (9th Cir.), cert. denied, 469 U.S. 1034 (1984). Moreover, to the extent that the Bybees allege civil rights violations arising from the IRS's actions, the tax court was without jurisdiction to consider the claims. See Commissioner v. McCoy, 484 U.S. 3, 6 (1987) (tax court is a court of limited jurisdiction)
 
 
 [4]
 We deny the Bybees' motions to stay the order of the tax court pending the disposition of their appeal