47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vincent Scot SMITH, Petitioner-Appellant,
v.
Eddie YLST, Warden, Respondent-Appellee.
 No. 94-15941.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 21, 1995.
 
 1
 Before: TANG and O'SCANNLAIN, Circuit Judges, and MERHIGE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Vincent Scot Smith pled guilty to second degree murder. At sentencing, the court advised him that the penalties he could face as a result of his plea were: (1) a fifteen year to life sentence in prison, (2) an additional two-year prison term for use of a firearm in commission of the offense; (3) a parole term of five to seven years following the prison sentence; and (4) ineligibility for probation. At sentencing, a different judge sentenced Smith to a prison term of fifteen years to life plus two years for the firearm charge. The sentencing court also ruled correctly that if parole were granted, the term of parole would be for the remainder of Smith's life, rather than for five to seven years.
 
 
 4
 Smith's trial counsel never objected to the imposition of the life parole term, never advised Smith about the significance of parole, and never informed Smith that because of the variance in the parole term, Smith could withdraw his plea. Smith brought a habeas action alleging ineffective assistance of counsel. The district court, adopting in full a magistrate's findings, ruled against Smith, holding that Smith did not suffer any prejudice from trial counsel's ineffective assistance. We have jurisdiction under 28 U.S.C. Sec. 2253 and we affirm.
 
 I.
 
 5
 This court reviews de novo a district court's decision to deny a petition for a writ of habeas corpus, and reviews for clear error any factual findings made by the district court in deciding the petition. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1993).
 
 
 6
 Smith argues that his trial counsel's ineffective assistance prejudiced him by causing him to plead guilty rather than to go to trial. He argues that his trial counsel should have objected at the sentencing hearing to the lifetime parole term, advised him regarding the significance of parole, and informed him that he could change his plea once the lifetime parole term was imposed.
 
 
 7
 To prevail on an ineffective assistance of counsel claim, Smith must show that his counsel's performance was deficient, and that the deficiency caused him prejudice. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984)). We need not address the deficiency issue because, as discussed below, Smith cannot show he suffered prejudice from the alleged deficiency of trial counsel.
 
 
 8
 In the context of a plea agreement, the prejudice inquiry requires " 'a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985)); see also United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990) ("To show prejudice, the petitioner must allege that absent [counsel's errors], he would have insisted on going to trial"). Moreover, Smith must "affirmatively prove" this prejudice. See Strickland, 466 U.S. at 693.
 
 II.
 
 9
 We affirm for the reasons and conclusions set forth in the magistrate's findings. Here, Smith cannot affirmatively prove he suffered prejudice from the alleged deficiency of trial counsel. The magistrate found that Smith never discussed his parole term with his attorney either before, during, or after his decision to plead guilty. At the actual sentencing hearing, Smith made no comment or statement regarding the lifetime parole term. Moreover, Smith did not raise the parole claim until his second habeas corpus petition, which was five years after his original conviction. These facts reflect an absence of "special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty." Hill v. Lockhart, 474 U.S. at 60; Doganiere, 914 F.2d at 168.
 
 
 10
 The only evidence that Smith would have gone to trial rather than plead guilty is his own testimony. The magistrate concluded that Smith's testimony was of little value because it was "self-serving and subjective." Even though Smith's testimony is uncontroverted, a trier of fact is not compelled to accept even uncontroverted testimony when it doubts the credibility of a witness. Smith v. C.I.R., 800 F.2d 930, 935 (9th Cir.1986); see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 514 (9th Cir.1985) ("a trier of fact may properly reject uncontradicted testimony so long as it does so with good reason"). Indeed, Smith's testimony is belied by the fact that he did not risk incurring five to ten more years of prison time by going to trial and being convicted of first degree murder. As the magistrate judge noted, Smith's trial counsel concluded that an "overwhelming" factual basis existed for an "inevitable" conviction on a charge of first degree murder if Smith had gone to trial. See Magistrate's "Findings and Recommendations re Evidentiary Hearing to Determine Prejudice," E.R. 74.
 
 
 11
 Given these facts, the magistrate did not clearly err in finding there was not a reasonable probability that, absent counsel's errors, Smith would have gone to trial rather than plead guilty.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Robert R. Merhige, Jr., Senior District Judge for the District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3