**Richard E. GEORGE, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 01–70133.

Tax Ct. No. 11164–99.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.\*

Decided Jan. 2, 2002.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM \*\*

Richard E. George appeals pro se from a decision of the tax court determining tax deficiency for 1997 and imposing penalties. We have jurisdiction pursuant to 26 U.S.C. § 7482(a), and we affirm in part, and vacate and remand in part.

We review de novo the tax court's conclusions of law and for clear error its findings of fact. *Kelley v. Comm'r*, 45 F.3d 348, 350 (9th Cir.1995). We review for abuse of discretion imposition of penalties and evidentiary sanctions. *See Larsen v. Comm'r*, 765 F.2d 939, 941 (9th Cir. 1985) (per curiam) (imposition of penalties pursuant to 26 U.S.C. § 6673); *Smith v. Comm'r*, 800 F.2d 930, 934 (1986) (imposition of evidentiary sanctions).

The tax court properly found that George is subject to the federal system of

---

taxation. *See, e.g., United States v. Romero,* 640 F.2d 1014, 1016 (9th Cir.1981). The tax court acted within its discretion to impose a penalty under 26 U.S.C. § 6673 because George pursued frivolous claims for purpose of delay. *See Grimes v. Comm'r,* 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam). The tax court properly disallowed the deductions George urged in his proposed amended tax return, because George did not provide credible evidence to substantiate the deductions. *See* 26 U.S.C. § 7491. The tax court acted within its discretion when it excluded documents George proffered at trial because, as George conceded, he did not provide the Commissioner with copies of the documents before trial, as required by the court's standing order. *See Smith,* 800 F.2d at 934.

As the Commissioner concedes, the tax court erred by failing to credit George for $2,154.48 in social security overpayments. *See* 26 U.S.C. §§ 3101(a), 3121(a)(1); 26 C.F.R. §§ 31.3101–2(a), 31.3121(a)(1)–1; 1997 Cost–of–Living Increase and Other Determinations, 61 Fed. Reg. 55346 (Oct. 25, 1996). We therefore remand for recalculation of George's deficiency in light of this credit.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED and REMANDED IN PART.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.