RAWLINSON, Circuit Judge,
dissenting in part:
I agree in principle that a plaintiff may be a prevailing party when he is awarded nominal damages. However, considering the facts of this case, I would not reach that issue. Instead, I would hold that the jury’s award of nominal damages cannot *591 be reconciled with the record evidence in this case.
It is important to keep in mind the foundational rubric that governs our review of the damages award. As the majority recognizes, our duty to reconcile the jury’s special verdict responses is predicated on consideration of “any reasonable theory consistent with the evidence." Pierce v. S. Pacific Transp. Co., 823 F.2d 1366, 1370 (9th Cir.1987) (citations omitted) (emphasis added). In applying this precedent, the majority opinion offers the following statements of justification to support its holding that the award of nominal damages was consistent with the finding of excessive force:
• The jury likely concluded that Guy resisted arrest during at least part of the incident ...
• [The jury] may also have determined that Guy’s injuries resulted from his own thrashing and kicking on the ground or from the officers’ justified responses to Guy’s conduct.
• [E]ven if it was excessive force for[Officer] Maley to throw Guy to the ground, the jury could have discredited Guy’s testimony that he was injured by this particular use of force.
• In trying to reconcile the different segments of the jury’s verdict, we cannot properly ignore the possibility that the jury concluded [Officer] Maley acted excessively in some particular action, and not in others, and that the injury done to Guy by [Officer] Maley was from [Officer] Maley’s actions not amounting to use of excessive force.
Majority Opinion, pp. 587-88 (emphases added).
Notably, none of these statements is linked to the evidence admitted at trial. For example, there is no reference to any testimony or other evidence that even remotely suggests that Guy was injured by “his own thrashing and kicking on the ground” or that his injuries were of the type that would be inflicted by “thrashing and kicking on the ground.” Rather, the majority’s statements of justification stray perilously closer to speculation than to reconciliation of the verdict with the evidence in the record.
The majority seeks to minimize Guy’s uncontroverted testimony regarding the extent of his injuries by postulating that the jury may have discredited Guy’s uncontradicted testimony. See Majority Opinion, p. 588. However, the cases in support of this proposition are easily distinguished. In Quock Ting v. United States, 140 U.S. 417, 420, 11 S.Ct. 733, 35 L.Ed. 501 (1891), the United States Supreme Court explicitly acknowledged that uncontradicted testimony generally controls the outcome of a case. The Court then recognized that there are exceptions to the general rule that uncontradicted testimony controls the outcome of a case. The specific exceptions noted in Quock Ting and parroted by the majority, see Majority Opinion, p. 587-88, were inconsistent testimony, testimony containing omissions, or a demeanor on the part of the witness that raises doubt about the witness’s sincerity. See Quock Ting, 140 U.S. at 420-21, 11 S.Ct. 733. However, there is not one scintilla of evidence in the record to suggest that Guy’s testimony was inconsistent or contained omissions, or that anything about Guy’s demeanor raised doubts about his credibility. Nothing of the sort was even suggested in Appellees’ brief on appeal or during oral argument.
The other cases cited by the majority make the same point. In National Labor Relations Bd. v. Howell Chevrolet Co., 204 F.2d 79, 86 (9th Cir.1953), we recognized that “carriage, behavior, bearing, manner and appearance of a witness, — his demeanor, — ” may cause the trier of fact to reject *592 uncontradicted testimony. Again, not a hint of demeanor influence is apparent from the record, the briefing or from the oral argument of the parties. Indeed, a crucial distinction between this case and Howell Chevrolet is that the trier of fact in Howell Chevrolet “resolved questions of credibility in favor of those who testified on the other side.” Id. The majority makes this point by observing that “the jury discredited at least some of Guy’s testimony because it determined that Garcia and Friedman did not use excessive force even though Guy testified that they repeatedly beat him when he offered no resistance.” Majority Opinion, p. 588. As an initial matter, I note that it is not a foregone conclusion that Guy’s testimony was discredited by the jury. Also, it is just as likely that the jury credited his testimony in accordance with the judge’s instructions, but determined that the force used did not meet the legal definition of excessive force. This observation is also notable for what it omits-that the jury absolutely did not discredit Guy’s testimony as it related to the actions of Officer Maley. As reflected in the jury’s response to the special interrogatory, the jury credited Guy’s testimony on this point, and affirmatively found that Officer Maley used excessive force against Guy, and that Officer Maley’s actions caused injury to Guy.
Smith v. Comm’r, 800 F.2d 930 (9th Cir.1986) is singularly unhelpful to the majority. The witness’s testimony in that case, although uncontroverted, was found by the trier of fact to be “vague and inadequate.” Id. at 935. No such finding exists in reference to Guy’s testimony. The same can be said for the majority’s bare citation to note 8 of Frank Music Corp. v. Metro-Coldwyn-Mayer, Inc., 772 F.2d 505, 514 (9th Cir.1985). Bottom line, reference to the cases cited by the majority, cannot obscure the fact that the jury expressly credited Guy’s testimony that Officer Maley used excessive force against Guy, and that Officer Maley’s actions caused injury to Guy, as reflected in the jury’s response to the special interrogatory. At the same time, the jury found that the other two officers involved did not use excessive force against Guy and that their actions did not cause his injuries. If, as the majority posits, the jury intended to find that Guy’s injuries were caused by Officer Maley’s “lawful” actions, it stands to reason that the jury would have similarly found that Officer Maley’s actions did not cause injury to Guy. In sum, the majority’s purported reconciliation of the jury’s verdict completely disregards the probative evidence presented to the jury. Cf. Pierce, 823 F.2d at 1370 (expressly linking its analysis to evidence in the case).
Because the evidence in this ease is not compatible with the reconciliation analysis reflected in the majority opinion, I do not agree that the district court acted correctly in denying Guy’s motion for a new trial. In view of the undisputed evidence of physical injury to Guy, I would vacate the nominal damage award as irreconcilable. For that reason, I respectfully dissent from the judgment entered by the majority-