86 F.3d 1165
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis J. VADINO, Plaintiff-Appellant,
v.
BANCO DE ENTRE RIOS, Defendant-Appellee.
 No. 95-55170.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1996.*
Decided May 23, 1996.
 
 Before: HALL, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff-Appellant Louis Vadino appeals from the district court's order dismissing his complaint on forum non conveniens and international comity grounds and from the court's order dismissing the Province of Entre Rios, Argentina as a defendant in this suit. We affirm.
 
 I.
 
 3
 Vadino argues that the district court abused its discretion in dismissing his case on forum non conveniens grounds. In a forum non conveniens dismissal, the party moving for dismissal must demonstrate two things: (1) the existence of an adequate alternative forum; and (2) that the balance of relevant private and public interest factors favor dismissal. Creative Technology, Ltd. v. Aztech System PTE, Ltd., 61 F.3d 696, 699 (9th Cir.1995). Private interest factors include: ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; and other problems that interfere with an expeditious trial. Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd., 918 F.2d 1446, 1451 (9th Cir.1990) (citing Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1947)). Public interest factors include court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar. Id. at 1452.
 
 A.
 
 4
 Among his many arguments, Vadino contends that the district court erroneously weighed the inconvenience to the parties equally when in fact, the inconvenience to the plaintiff should receive more weight than that of the defendant. Id. at 1449. However, nothing in Judge Paez's order suggests that he accorded more weight to defendant's concerns or interests. In fact, Judge Paez explicitly noted that the "defendant bears the burden of proving the existence of an adequate forum." He also observed that the defendant "must satisfy a heavy burden of proof" to succeed on a forum non conveniens dismissal because a "plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum." Id. Thus, because Judge Paez correctly laid out the law, we find Vadino's argument without merit.[1]
 
 B.
 
 5
 Vadino also argues that the district court erred in finding that Argentina provided an adequate alternative forum for this dispute. An alternative forum is adequate if the defendant is amenable to service of process in that forum. Piper Aircraft v. Reyno, 454 U.S. 235, 254 n. 22 (1981); Contact Lumber, 918 F.2d at 1450.
 
 
 6
 Here, Vadino maintains that (1) all parties have not been properly served in the pending Argentine action; (2) the "exorbitant" cost of filing fees prohibits him from initiating a countersuit by which he could recover judgment against the Bank; and (3) the Argentine federal court declined to exercise jurisdiction over the matter. Therefore, he contends that Argentina does not present an adequate alternative forum. We find all three arguments meritless.
 
 
 7
 First, according to affidavits submitted by the Bank, all parties in the Argentina action were served on December 17, 1994. Furthermore, when the district court dismissed Vadino's complaint, it conditioned its dismissal on proper service of all defendants in the Argentina action. The court ruled that if the defendants were not properly served within a certain time limit, Vadino could file a motion requesting the court to resume jurisdiction over the action. Vadino never filed any such motion, and on appeal he points to no facts to refute the evidence that all parties have been served.
 
 
 8
 Second, as the district court found and the Bank argues, Vadino is not required to post a filing fee as a defendant in the Argentina action. The filing fees, which Vadino estimates at $1.3 million in filing fees and $3.9 million in additional court fees, are required only if Vadino intends to file a counterclaim, a suit to collect judgment against the Bank or a suit to enforce any American judgment he might obtain.
 
 
 9
 Moreover, the mere existence of filing fees, which are required in many civil law countries, does not render a forum inadequate as a matter of law. Nai-Chao v. Boeing Corp., 555 F.Supp. 9, 16 (N.D.Cal.1982), aff'd sub nom Cheng v. Boeing Corp., 708 F.2d 1406 (9th Cir.), cert. denied, 464 U.S. 1017 (1983) (holding that despite filing fee amounting to one percent of claim and an additional one-half percent, Taiwan was adequate forum); see also Mercier v. Sheraton Int'l Inc., 981 F.2d 1345, 1353 (1st Cir.1992), cert. denied, 508 U.S. 912 (1993) (fifteen percent Turkish bond would not prohibit court from finding Turkey adequate forum).
 
 
 10
 Third and finally, the evidence in the record contradicts Vadino's contention that the Argentine courts have denied jurisdiction over this claim. Initially, the federal court transferred jurisdiction over the matter to the Supreme Court of Argentina because the federal court erroneously believed the Province of Entre Rios was appearing as a party in the matter. (The Supreme Court is the court of original jurisdiction in all claims involving Argentine provinces.) However, on December 12, 1995, the federal court rescinded that order and has retained jurisdiction over the declaratory relief action.[2] Accordingly, Vadino's claim regarding jurisdiction is both meritless and moot.
 
 C.
 
 11
 Vadino also argues that the district court improperly balanced the private and public interest factors at stake in this dispute. First, he maintains that the court erroneously concluded that the Argentine and American lawsuits were duplicative. Vadino contends that the Argentine declaratory judgment action merely determines who has rights under the Letter of Credit while the lawsuit he has filed here in federal court will allow him to recover on the Letter of Credit. Vadino's point is a distinction without a difference. Both claims will necessarily cover the same issues of liability. As it stands, two other entities, besides Vadino, claim to have rights under the Letter of Credit. As such, until the courts are able to determine, which party, if any, is entitled to monies pursuant to the Letter of Credit, Vadino will be unable to benefit from the Letter of Credit.
 
 
 12
 Furthermore, as the district court noted and this circuit has stated when considering private interests, there are "significant advantages in having all the parties interested in apportioning a limited source of recovery assert their claims in one forum, not only to avoid inconsistent factual findings, but also to spare the litigants the additional cost of duplicative lawsuits." Contact Lumber, 918 F.2d at 1452.
 
 
 13
 Here, the private interest factors balance heavily in favor of hearing this case in Argentina. The district court found, and we agree, that most of the witnesses, including the bank employees, live in Argentina and the cost of bringing these individuals to the United States would be significant.
 
 
 14
 Vadino counters that these witnesses are not necessary because any testimony offered by them would be inadmissible under the Uniform Customs and Practices of the International Chamber of Commerce which governs the Letter of Credit. Even if that were the case, to succeed in his American lawsuit, Vadino would still need the testimony of bank employees to prove that the Letter of Credit was authorized. Moreover, as the Bank notes, under California law, a bank need not honor a Letter of Credit pursuant to the Uniform Customs and Practices if the Letter was procured by fraud. Calif.Comm.Code § 5114(2); see also Trans Meridian Training, Inc. v. Empresa Nacional de Comercializacion, 829 F.2d 949, 954-55 (9th Cir.1987). Thus, to the extent the Bank asserts fraud as a defense in Vadino's American suit, witnesses from the Bank would be necessary.
 
 
 15
 Second, Vadino contends the court erred when it cited jury duty as a reason for finding that public interest factors weighed in favor of dismissal. Vadino correctly notes that he requested a non-jury or bench trial in this matter. However, Vadino incorrectly characterizes the district court's analysis. In his order, Judge Paez did not cite jury duty as a reason for dismissing the case; rather, he pointed to the "crowded docket" and reasoned that the forum non conveniens doctrine is "designed in part to help the courts avoid conducting complex exercises in comparative law."
 
 
 16
 The reference to jury duty comes from a larger quote from Gulf Oil, 330 U.S. at 508-09, discussing the "administrative difficulties" faced by courts when "litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." Thus, though Vadino makes much of the court's reference to jury duty, he has taken the quote out-of-context.
 
 D.
 
 17
 While great deference is due to a United States' citizen choice of forum, we note that American citizens do not have an absolute right to sue in U.S. court. As this circuit has observed that "[t]he presence of American plaintiffs ... is not in and of itself sufficient to bar a district court from dismissing a case on the ground of forum non conveniens." Cheng v. Boeing, 708 F.2d 1406, 1411 (9th Cir.) cert. denied, 464 U.S. 1017 (1983).
 
 
 18
 Here, we find that an adequate alternative forum exists and that the weight of private and public interests weigh in favor of dismissal. Accordingly, we hold that the district court did not abuse its discretion in dismissing the complaint on forum non conveniens grounds.
 
 II.
 
 19
 Vadino argues that the district court erred in dismissing the Province of Entre Rios as a defendant in this case. Because we find that the district court did not abuse its discretion in dismissing this complaint on forum non conveniens grounds, we need not reach this issue.
 
 III.
 
 20
 Vadino claims that in adjudicating this complaint, Judge Paez exhibited racial prejudice in favor of the Bank and against him. To succeed on this claim, Vadino must demonstrate that the judge's conduct reflected a disposition, based on extrajudicial sources, to treat Vadino unfairly and Vadino must provide a "clear and precise showing of prejudice." Hansen v. CIR, 820 F.2d 1464, 1467 (9th Cir.1987). It is on this "clear and precise showing" that Vadino's claim dismally fails.
 
 
 21
 Specifically, Vadino contends that Judge Paez erroneously discounted Vadino's fears of prosecuting his claim in Argentina. In an affidavit filed below, Vadino claimed that his business partner had informed him that government officials of Entre Rios and bank employees had said they would have Vadino killed if he attempted to collect on the letter of credit. Vadino said he believed these threats because "people are murdered all the time for far less than $25 million." Vadino further observed that "[t]he most recent revelations in regard to the Colosso [sic] murder in Mexico and connected U.S. murders have certainly increased my anxiety in regard to my safety."
 
 
 22
 In his order, Judge Paez found that Vadino's claimed fears for his safety and the hostility of the Latin American legal system were wholly unsubstantiated. The judge explicitly noted that Vadino had failed to provide reliable evidence to support any of his allegations. In addition, Judge Paez observed that while in Argentina, Vadino had made a demand on the letter of credit without incident and that Vadino had also retained the services of a prominent attorney in Buenos Aires.
 
 
 23
 Judge Paez held that "to the extent that plaintiff's fears are based on mistrust and prejudice of the Latin American legal system," he would reject those allegations as improper. Finally, in a footnote, the judge noted that "an affidavit filed earlier in this action made a blatant appeal to anti-Latin American prejudice, citing the assassination of a presidential candidate in Mexico as the basis for his fear in Argentina."
 
 
 24
 This panel has thoroughly reviewed the record below and has found absolutely no evidence that Judge Paez exhibited racial prejudice or bias in favor of defendant or against plaintiff. If anything, Judge Paez's reference to Vadino's affidavit was a subdued and measured response to unfounded and inappropriate insinuation. We find that Judge Paez has comported himself in a manner befitting his office and find Vadino's claims to be spurious and wholly without merit.
 
 IV.
 
 25
 The district court's order is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Vadino also argues that "[i]t has been firmly established by previous court decisions regarding international transactions that the choice of forum belongs to the CREDITOR." He cites a Fifth Circuit case, Callejo v. Bancomer, S.A., 764 F.2d 1101 (5th Cir.1985) for this contention. However, Callejo merely discusses the commercial activity exception to the Foreign Sovereign Immunities Act and the Act of State doctrine. It does not hold, as Vadino suggests, that the creditor can categorically determine the forum in a dispute involving an international business transaction nor have we found any cases that support this proposition
 
 
 [2]
 The Bank has requested the panel to take judicial notice of the Argentine federal court order dated December 12, 1995. Pursuant to Fed.R.Evid. 201, we grant the Bank's request