T.C. Memo. 1998-261


UNITED STATES TAX COURT


MARKO PORTER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8510-97.                          Filed July 16, 1998.


Marko Porter, pro se.

Charles B. Burnett, for respondent.


MEMORANDUM OPINION


DINAN, Special Trial Judge:    This case was heard pursuant

to the provisions of section 7443A(b)(3) and Rules 180, 181, and

182.[1]

_____

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for 1992, 1993, and 1994 in the amounts of $1,204, $2,701, and $3,199, respectively, and additions to tax pursuant to section 6651(a)(1) in the amounts of $280, $465, and $555, respectively.

The issues for decision are: (1) Whether petitioner received and failed to report income during the taxable years in issue; (2) petitioner's proper filing status for the taxable years in issue; (3) whether petitioner is entitled to dependency exemption deductions for his two sons for the taxable years in issue; (4) whether petitioner is liable for the section 6651(a)(1) additions to tax for failure to file his 1992, 1993, and 1994 returns; and (5) whether we should impose a penalty on petitioner pursuant to section 6673(a).

Petitioner resided in Tempe, Arizona, on the date the petition was filed in this case. No stipulations of fact were filed in this case.

Petitioner was married and supported his two sons during the taxable years in issue.

Village Auto Electric reported to respondent that it paid petitioner employee wages in the amount of $8,481 during 1992. Arizona Department of Economic Security (Arizona DES) reported to respondent that it paid petitioner unemployment compensation in the amount of $5,437 during 1992.

Patrick Steve O'Brien reported to respondent that he paid petitioner employee wages in the total amount of $19,212 during 1993. Polar Bear Auto Air reported to respondent that it paid petitioner nonemployee compensation in the amount of $2,213 during 1993. Arizona DES reported to respondent that it paid petitioner unemployment compensation in the amount of $700 during 1993.

Arctic Auto Air Electric reported to respondent that it paid petitioner employee wages in the amount of $27,594 during 1994.

The first issue for decision is whether petitioner received and failed to report income during the taxable years in issue.

Section 61(a) includes in gross income all income from whatever source derived including, but not limited to, compensation for services. Sec. 61(a)(1). Section 85(a) provides that gross income includes unemployment compensation. Unemployment compensation means any amount received under a law of the United States or of a State which is in the nature of unemployment compensation. Sec. 85(b).

Petitioner alleges that the information returns submitted to respondent by the reporting payers are unreliable. At trial, he admitted receiving unemployment compensation from Arizona DES in the amounts reported to respondent. He refused to admit that he received employee wages and nonemployee compensation in the amounts reported to respondent by Village Auto Electric, Patrick Steve O'Brien, Polar Bear Auto Air, and Arctic Auto Air Electric.

Yet, he admitted at trial that his endorsement was on the back of a number of checks issued to him by Village Auto Electric during 1993 and stated in his first amended petition as one of the facts upon which he based his case that:

> While Village Auto Electric, Patrick Obrien [sic] or Arctic Auto Air Electric had the right to tell the Petitioner what to do Village Auto Electric, Patrick Obrien [sic] or Arctic Auto Air Electric did not have the right to tell the Petitioner how to accomplish his tasks. Village Auto Electric, Patrick Obrien [sic] or Arctic Auto Air Electric had to rely upon the Petitioner's knowledge and experience.

Respondent's revenue agent, Shelby Bare, testified that respondent relied upon payer information returns which were received under the Information Returns Program (IRP) in making the determinations contained in the statutory notices of deficiency issued to petitioner in this case. Respondent submitted transcripts from his IRP master file which list the payers which reported payments to petitioner during 1992, 1993, and 1994.

Based on the record, we find that petitioner has failed to prove any error in respondent's determinations on this issue. He introduced no credible evidence which persuades us that the amounts of income reported on the information returns received by respondent were inaccurate. On cross-examination, petitioner was specifically asked whether he received the amounts determined by respondent in the statutory notices of deficiency for the years in issue from Village Auto Electric, Patrick Steve O'Brien, Polar

Bear Auto Air, and Arctic Auto Air Electric.  His objection to each question was overruled, and he was ordered to answer.  His answer:  "I will remain silent at this time on that question." Accordingly, we hold that petitioner received and failed to report employee wages, nonemployee compensation, and unemployment compensation in the amounts determined by respondent for the taxable years in issue.

The second issue for decision is petitioner's proper filing status for the taxable years in issue.

In the statutory notices of deficiency, respondent determined that petitioner's proper filing status for 1992, 1993, and 1994 was single.  However, respondent conceded at trial that petitioner was married during the taxable years in issue.  Since petitioner did not make a single return jointly with his wife under section 6013, we hold that his proper filing status for 1992, 1993, and 1994 was married filing separately.  Sec. 1(d).

The third issue for decision is whether petitioner is entitled to dependency exemption deductions for his two sons for the taxable years in issue.

In the statutory notices of deficiency, respondent did not allow petitioner dependency exemption deductions for his two sons for 1992, 1993, and 1994.  At trial, respondent's counsel stated that petitioner had presented "two birth certificates for dependents."  He further stated respondent's position with

respect to the allowance of exemption deductions for the two dependents as follows:

> Under Code section 151(e) it says no exemptions shall be allowed under this section with respect to any individual unless the taxpayer identification number of such individual is included in the return claiming the exemption. Our position is that without returns filed, Mr. Porter doesn't get the benefit of claiming the exemptions.

Although respondent's counsel accurately recited the current rule of law provided in section 151(e), such rule was not effective during the taxable years in issue. Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1615(d), 110 Stat. 1755, 1853. Accordingly, we hold that petitioner is entitled to dependency exemption deductions for his two sons for 1992, 1993, 1994.

The fourth issue for decision is whether petitioner is liable for the section 6651(a)(1) additions to tax for failure to file his 1992, 1993, and 1994 returns.

Section 6651(a)(1) imposes an addition to tax for failure to file timely returns, unless the taxpayer establishes that such failure is due to reasonable cause and not due to willful neglect. "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. United States v. Boyle, 469 U.S. 241, 245-246 (1985). "Willful neglect" means a conscious, intentional failure or reckless indifference. Id. at 245. The addition to tax equals 5 percent

of the tax required to be shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. Sec. 6651(a)(1).

Based on the record, we find that petitioner has failed to prove that his failure to file his returns was not due to willful neglect or that such failure was due to reasonable cause. We therefore hold that petitioner is liable for the section 6651(a)(1) additions to tax.

The fifth issue for decision is whether we should impose a penalty on petitioner pursuant to section 6673(a).

Whenever it appears to this Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or the taxpayer's position in such proceeding is frivolous or groundless, the Court, in its discretion, may require the taxpayer to pay to the United States a penalty not in excess of $25,000. Sec. 6673(a)(1)(A) and (B). A position maintained by a taxpayer in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). A penalty may be properly imposed when the taxpayer knew or should have known that his claim or argument was frivolous. Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987).

Petitioner initiated this case by filing an imperfect petition. In his first amended petition, petitioner alleged the following facts as the basis for his case:

     a. The Petitioner is married and has two children.

     a. The Petitioner's labor is his property.

     b. As part of his life he receives his labor as a day to day gift from his Creator.

     c. The Property was received by him after December 31, 1920.

     d. The Petitioner's Creator is the original owner of this property and his Creator did not receive the property as a gift before giving it to the Petitioner.

     e. The Secretary of the Treasury of the United States, or his authorized delegate, either failed to determine the basis (cost) in the Petitioner's labor, as required by Internal Revenue Code (IRC), § 1015(a), or was unable to determine the basis (cost) that the Petitioner's Creator has in the gift of the labor [sic] was given to the Petitioner.

     f. The Petitioner has been unable to discover the basis (cost) his Creator had in the labor at the time it was given to the Petitioner as a gift.

     g. Because he failed or was unable to determine the basis (cost) the Petitioner's Creator had in the labor that was given to the Petitioner as a gift, the Secretary was required to proceed as if the basis (cost) in the labor is the "<u>FAIR MARKET VALUE</u>" of the property (labor) based upon the best information available to him.

     h. The only information that was available to the Secretary to determine the basis (cost) the Petitioner had in his labor would be the amount he received for the labor he sold.

     i. The Petitioner sold his labor under contract. The basis (cost) in labor when sold under contract is the same for all property sold under contract, which is the amount paid in accordance with the terms of the

contract, whether the contract is verbal, expressed or implied. * * *

In his first amended petition, petitioner thereafter sought the following relief from this Court:

> A. Dismiss the Petition for Lack of Subject matter jurisdiction as determination of the amounts received would require determination of taxes and amounts paid under Subtitle C of Title 26 U.S.C. and this Court is not granted subject matter jurisdiction over Subtitle C.
>
> B. Otherwise dismiss the Commissioner's Notice of Deficiency; and,
>
> C. Declare that the Petitioner is entitled to the filing status of married filing jointly for the purposes of determining the amount of any liability.
>
> D. Declare that IRC, §1015(a) would generally establish a presumption that a Man has a basis (cost) equal to or greater than the amount he received for the sale of his labor.
>
> E. Declare that the Respondent has the burden of proof of showing that the Petitioner had a basis (cost) other than a basis (cost) equal to or greater than the amount he received for the sale of his labor; and,
>
> F. Declare that the Petitioner had a basis (cost) equal to or greater than the amount he received for the sale of his labor during the years 1992, 1993 and 1994; * * *

In order to avoid our granting of respondent's motion to dismiss for failure to state a claim in this case, filed July 25, 1997, petitioner filed a second amended petition in which he omitted the frivolous assertions contained in his first amended petition. Nonetheless, we find that petitioner's position in this case, which has its genesis in common tax protester rhetoric, is utterly frivolous and was designed to delay his

ultimate payment of taxes. He failed to comply with our standing pretrial order and played semantical games throughout this proceeding. We find that his second amended petition filed September 29, 1997, was merely another delaying tactic used to prolong this proceeding. Petitioner knew that on May 18, 1995, the United States Court of Appeals for the Ninth Circuit had affirmed an unpublished order of this Court dated August 24, 1994, which granted respondent's Motion for Judgment on the Pleadings, dismissing petitioner's case for the years 1991 and 1992.[2] He has once again caused this Court to waste its limited resources reviewing his rejected taxpayer protests which he knew or should have known are without merit.

In view of the foregoing, we will exercise our discretion under section 6673(a) and require petitioner to pay a penalty to the United States in the amount of $3,000.

To reflect the foregoing,

<u>An appropriate order will be issued and a decision will be entered under Rule 155</u>.

---

[2] <u>Porter v. Commissioner</u>, 56 F.3d 73 (9th Cir. 1995), affg. without opinion an order of this Court dated Aug. 24, 1994 (granting the Commissioner's motion for judgment on the pleadings).