Andrea JONES, Individually and as Administratrix of the Estate of Terry Jones, and as Guardian Ad Litem for Terry Jones, Jr., a minor, and Francesca Jones, a minor, Plaintiff—Appellant,

v.

David DEVANEY, individually and as a corrections officer employed by the Las Vegas Metropolitan Police Department; Jerry Keller, as Sheriff of the Las Vegas Metropolitan Police Department; the Las Vegas Metropolitan Police Department, Defendants—Appellees.

No. 03–15744.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2004.

Decided July 1, 2004.

---

---

Christopher G. Gellner, Esq., Dale E. Haley, Las Vegas, NV, for Plaintiff–Appellant.

Thomas D. Beatty, Esq., Walter R. Cannon, Esq., Thomas D. Dillard, Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendant–Appellee.

Before: GOODWIN, CANBY, and TALLMAN, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM *

Plaintiffs, the estate of Terry Jones, his wife and his two children, filed this action pursuant to 42 U.S.C. § 1983 and Nevada state law after Terry Jones died while being subdued by corrections officers at the Clark County Detention Center in Las Vegas, Nevada. Plaintiffs appeal from a jury verdict in favor of defendants, Corrections Officer David Devaney and the Las Vegas Metropolitan Police Department (the "Department"). We affirm.

■ The district court did not abuse its discretion in allowing evidence of Jones' prior arrests under Federal Rule of Evidence 404(b). *See United States v. Danielson,* 325 F.3d 1054, 1075 (9th Cir.2003). Plaintiffs put Jones' motive and intent at issue by arguing that he had been provoked by the officers at the jail and by presenting evidence about his non-violent demeanor when consuming alcohol. Plaintiffs also sought to highlight Jones' close relationship with his family to establish damages, permitting defendants to present evidence to the contrary. *See Halvorsen v. Baird,* 146 F.3d 680, 686 (9th Cir.1998). Although the breadth of the documents admitted under Rule 404(b) was excessive, we cannot say that the error "more probably than not" tainted the verdict. *McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1035 (9th Cir.2003).

■ The district court also did not abuse its discretion in excluding evidence of Devaney's prior infractions. Only one of the three reprimands was for unnecessary use of force, and the circumstances and type of force there were unlike the allegations against Devaney here. *See United States v. Miller,* 874 F.2d 1255, 1269 (9th Cir.1989). The district court could have allowed plaintiffs to inquire into

Devaney's history of misreporting his encounters with inmates under Federal Rule of Evidence 608(b), but the exclusion of the evidence was not an abuse of discretion. *See United States v. Geston,* 299 F.3d 1130, 1137 (9th Cir.2002).

The district court properly excluded evidence of the prisoner restraint chair because it was unavailable due to the need for training. Plaintiffs have not shown that the absence of a restraint chair amounts to deliberate indifference. *See City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The Department's use of the restraint chair and the training on forced blood draws after Jones' death were inadmissible subsequent remedial measures. *See* Fed.R.Evid. 407.

The district court properly confined the testimony of plaintiffs' police practices expert to admissible evidence and to issues of fact, *see Elsayed Mukhtar v. Cal. State Univ., Hayward,* 299 F.3d 1053, 1065 n. 10 (9th Cir.2002), and did not err in denying plaintiffs' motion to amend the pretrial order to substitute a new medical expert. Plaintiffs filed the motion and the medical expert's report on the eve of trial, did not file a motion for a continuance and provided no good cause for the seven-month delay. *See Quevedo v. Trans–Pac. Shipping, Inc.,* 143 F.3d 1255, 1258 (9th Cir. 1998).

The district court properly granted summary judgment on plaintiffs' claim of failure to discipline. Plaintiffs did not present evidence to establish that the Department had a longstanding practice or custom of inadequately disciplining its officers. *See Trevino v. Gates,* 99 F.3d 911, 919–20 (9th Cir.1996). Summary judgment was also appropriate on plaintiffs' state law claim that the Department negligently trained and supervised its officers by not having the restraint chair available.

The Department's procedures limited use of the restraint chair to "trained personnel only," and the timetable for training the officers and making the chair available was a discretionary determination. *See* Nev.Rev.Stat. 41.032; *see also Univ. of Nev., Reno v. Stacey,* 116 Nev. 428, 434, 997 P.2d 812 (2000).

Considered as a whole, the jury instructions adequately defined, and instructed the jury on the necessity of, reasonable force. *See Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 992 (9th Cir.2001). Because the issue at trial was whether Jones died due to excessive force, the district court did not err in instructing the jury that the arresting officer had reasonable grounds to believe Jones was in control of the automobile at the time of his arrest.

Finally, plaintiffs' claim that the district court was biased finds no support in the record. *See Hansen v. C.I.R.,* 820 F.2d 1464, 1467 (9th Cir.1987).

AFFIRMED.