T.C. Memo. 2007-327

UNITED STATES TAX COURT

GREGORY EUGENE THOMPSON, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1182-06.                    Filed October 31, 2007.

Gregory Eugene Thompson, pro se.

Douglas S. Polsky, for respondent.

MEMORANDUM OPINION

KROUPA, Judge:  Respondent determined a $23,027 deficiency
in petitioner's Federal income tax and a $2,106.80 accuracy-
related penalty under section 6662[1] for 2004.

There are four issues for decision.  We are first asked to
decide whether petitioner should have included a distribution

_____

[1]All section references are to the Internal Revenue Code in
effect for 2004, and all Rule references are to the Tax Court
Rules of Practice and Procedure, unless otherwise indicated.

from his retirement account in his income in 2004. We hold that he should have included the distribution in income in 2004. The second issue is whether petitioner is liable for the 10-percent additional tax on the distribution from his retirement account under section 72(t). We hold that he is. The third issue is whether petitioner is liable for the accuracy-related penalty under section 6662. We hold that he is. The fourth issue is whether we should impose a penalty on petitioner under section 6673. We hold that we shall not impose a penalty in this case, but caution petitioner that he is at risk of a penalty if he brings similar arguments before the Court in the future.

## Background

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found. The stipulation of facts, the supplemental stipulation of facts, and the accompanying exhibits are incorporated by this reference. Petitioner resided in Humansville, Missouri, at the time he filed the petition.

Petitioner was the superintendent of schools for the Humansville R-IV school district in Humansville, Missouri. Petitioner had a retirement account with the school district regarding his employment, which account was administered by the Public School Retirement System of Missouri (PSRS). The parties agree that the PSRS retirement plan was a qualified plan under section 401(a).

Petitioner's employment was terminated in September 2004. After the termination, petitioner contacted PSRS to determine how

long it would take to obtain a distribution from his retirement account. PSRS advised petitioner that it would take about 60 days. Petitioner planned to use the distribution to live on during 2005.

Petitioner requested a distribution from his retirement account in mid-November 2004. The distribution did not take as long to process as anticipated. Petitioner received $62,467.58 from his retirement account in December 2004. PSRS withheld $12,493.52 in Federal tax from the distribution. Petitioner was 53 when he received the distribution.

The retirement plan issued petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting it paid petitioner the $62,467.58 from his retirement account in 2004 and that it withheld $12,493.52 in Federal tax from the distribution. Petitioner did not report the distribution on his tax return for 2004, however. Petitioner crossed out the "taxable amount" on the line on the return for reporting pension and annuity income, and wrote in "mistake" and "next year." Petitioner also attached a statement to his return for 2004 explaining that he did not want the funds from his retirement plan in 2004 and asserting that he would not pay taxes on the funds for 2004. Petitioner reported the distribution from the retirement account as wages on his return for 2005.

Respondent issued a deficiency notice for 2004 in which respondent determined that petitioner should have reported the

distribution as income in 2004, that petitioner was liable for the 10-percent additional tax on the distribution under section 72(t), and that petitioner was liable for the accuracy-related penalty.  Petitioner timely filed a petition.

## Discussion

We are asked to consider whether petitioner was required to include the distribution from his retirement account in his income for 2004, the year he received it, or 2005, the year he intended to spend it.  We are also asked to consider whether petitioner is liable for the 10-percent additional tax on the distribution under section 72(t) and whether petitioner is liable for the accuracy-related penalty.  We shall finally consider whether to impose a penalty on petitioner under section 6673.  We shall consider each of these issues in turn.[2]

I.   Whether the Distribution Is Includable in Income for 2004

We first consider whether petitioner should have included the distribution from his retirement account in his income for 2004, the year he received the distribution.  We begin by outlining the governing law.

Gross income includes all income from whatever source derived.  Sec. 61(a).  This includes items included under section 72 (relating to annuities and retirement accounts).  Sec. 61(b).

_____

[2]Petitioner does not claim the burden of proof shifts to respondent under sec. 7491(a).  Petitioner also did not establish he satisfies the requirements of sec. 7491(a)(2).  We therefore find that the burden of proof remains with petitioner as to any factual issue affecting his liability for the deficiency in his tax.

The recipient of amounts paid or distributed out of a retirement account generally includes the distributions in gross income under the provisions of section 72. Sec. 408(d)(1); see also sec. 61(a)(9), (11); Arnold v. Commissioner, 111 T.C. 250, 253 (1998). The amounts distributed from a retirement account are generally included in the payee's gross income for the taxable year in which the distribution is received. Sec. 1.408-4(a)(1), Income Tax Regs.

The parties agree that the retirement plan was a qualified retirement plan. The parties also agree that petitioner actually received the cash distribution in December 2004. Accordingly, petitioner must include the distribution in his income for 2004, the year he received it. See secs. 1.408-4(a)(1), 1.446-1(c)(1)(i), Income Tax Regs.

Petitioner argues that he intended to use the funds in 2005 and thus is not taxable on the funds until 2005. Petitioner is misguided. He received the distribution in 2004 and was therefore taxable on the funds in 2004. See secs. 1.408-4(a)(1), 1.446-1(c)(1)(i), Income Tax Regs. Petitioner relies on various subsections of section 72, such as (a), (b), and (h), to argue that the distribution should not be included in his gross income for any year. Petitioner misapplies the subsections of section 72 upon which he relies. The distribution from the retirement account was not an annuity, and petitioner did not exercise any option to receive an annuity with respect to the retirement account.

Petitioner also makes numerous arguments that his income is not subject to tax, including arguments that there is no definition of "income" and "taxable" in the Code, that no person is liable for the income tax, and arguments based on the Sixteenth Amendment to the Constitution of the United States. All of these arguments have been considered by this and other Courts to be frivolous and groundless. We decline to address them further. To do so might suggest that these arguments have some colorable merit. Crain v. Commissioner, 737 F.2d 1417, 1417-1418 (5th Cir. 1984).

II. Does the 10-Percent Additional Tax Apply To the Distribution?

We next consider whether petitioner is liable for the 10-percent additional tax on the early distribution from his retirement account under section 72(t).[3]

Section 72(t)(1) imposes a 10-percent additional tax on early distributions from qualified retirement accounts. There are certain exceptions to the imposition of the 10-percent additional tax, which include distributions made on or after the date the employee attains 59-1/2 years old; distributions made to the employee to the extent such distributions do not exceed amounts paid for medical care; distributions to unemployed

---

[3]Petitioner states on brief that respondent determined in the deficiency notice that petitioner is liable for the 10-percent additional tax under sec. 72(q) for premature distributions from annuity contracts as well as the additional tax under sec. 72(t). Petitioner has misunderstood respondent's determinations. Respondent did not determine petitioner was liable for any additional tax under sec. 72(q), only sec. 72(t).

persons for health insurance premiums; and distributions from certain plans for first home purchases. Sec. 72(t)(2)(A)(i), (A)(v), (B), (D), (F). The purpose of the 10-percent additional tax is to discourage premature distributions from IRAs that frustrate the intention of saving for retirement. Dwyer v. Commissioner, 106 T.C. 337, 340 (1996); see also S. Rept. 93-383, at 134 (1973), 1974-3 C.B. (Supp.) 80, 213.

Petitioner was 53 years old when he received the distribution from the retirement account. He used the funds for living expenses after being terminated from his job. Petitioner has not asserted, and we do not find, that any of the exceptions under section 72(t)(2) apply to the early distribution from his retirement plan.

Petitioner also makes several arguments why the 10-percent additional tax should not apply to the early distribution, all of which we find to lack merit. For example, petitioner asserts that section 72(t) does not apply because the retirement account is not a contract. We disagree. Section 72(t) applies to qualified retirement plans. The parties do not dispute that the retirement plan here is a qualified retirement plan. Sec. 401(a). Petitioner also argues that only the interest is taxable and that the retirement plan itself, not petitioner, is liable for the tax. Again, we disagree. The recipient of an early distribution is liable for the 10-percent additional tax, not the retirement plan. Sec. 72(t)(1). The additional tax is 10

percent of the amount includable in gross income for the year. *Id.*

Petitioner also argues that PSRS's 20-percent withholding on the early distribution accounts for the 10-percent additional tax under section 72(q) and the 10-percent additional tax under section 72(t) and asserts that no law authorizes this withholding. Respondent did not determine, nor do we find, that petitioner is liable under section 72(q). See *supra* note 3. Withholding of 20 percent generally is required on any eligible rollover distribution, such as the distribution to petitioner, unless the employee elects a direct rollover. Secs. 402(f)(2)(A), (c)(4), 3405(c). The amount withheld as tax may be credited toward the tax liability, however. Sec. 31(a). In fact, respondent adjusted the tax respondent determined that petitioner owed in the deficiency notice by crediting the amount withheld on the distribution against the amount respondent determined petitioner owed on the premature distribution.

We therefore sustain respondent's determination that petitioner is liable for the 10-percent additional tax on the early distribution.

III. Accuracy-Related Penalty

We next consider whether petitioner is liable for the accuracy-related penalty under section 6662(a). Respondent has the burden of production under section 7491(c) and must come forward with sufficient evidence that is it appropriate to impose

the penalty.  See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001).

A taxpayer is liable for an accuracy-related penalty of 20 percent of any portion of an underpayment attributable to, among other things, a substantial understatement of income tax.  There is a substantial understatement of income tax under section 6662(b)(2) if the amount of the understatement exceeds the greater of either 10 percent of the tax required to be shown on the return, or $5,000.  Sec. 6662(a), (b)(1) and (2), (d)(1)(A); sec. 1.6662-4(a), Income Tax Regs.

Petitioner reported he owed $8,169 for 2004 and respondent determined upon examination that petitioner owed $29,983.[4]  Thus, petitioner understated the tax on his return by $21,814, which is greater than 10 percent of the tax required to be shown on the return, or $5,000.  Accordingly, respondent has met his burden of production with respect to petitioner's substantial understatement of income tax for 2004.

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment, however, if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion.  Sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking

---

[4]Respondent adjusted petitioner's reported tax liability to $6,956 after examining the taxable income petitioner reported on the return.

into account all the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability and the knowledge and experience of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs. The taxpayer bears the burden of proof with respect to reasonable cause. Higbee v. Commissioner, supra at 446.

Petitioner failed to assert any arguments that reasonable cause existed. Petitioner focused his arguments on why the distribution should not be treated as income, should not be subject to the additional tax, as well as tax-protester type arguments that wages are not income. Specifically, petitioner did not argue and did not introduce any evidence that he acted with reasonable cause or in good faith with respect to the underpayment for 2004.[5]

After considering all of the facts and circumstances, we find that petitioner has failed to establish that he had reasonable cause and acted in good faith with respect to the underpayment. Accordingly, we sustain respondent's determination that petitioner is liable for the accuracy-related penalty for 2004.

---

[5]Petitioner states that the Code is difficult for the IRS to understand, relying on a case involving the recovery of attorney's fees. McKee v. Commissioner, T.C. Memo. 2004-115, as supplemented T.C. Memo. 2004-169, revd. 209 Fed. Appx. 691 (9th Cir. 2006). There is no uncertainty about petitioner's legal obligations here. See, e.g., Pessin v. Commissioner, 59 T.C. 473, 489 (1972); Rosanova v. Commissioner, T.C. Memo. 1985-306; Grant v. Commissioner, T.C. Memo. 1980-242.

IV.   Section 6673 Penalty

We now consider whether petitioner should be held liable for a penalty under section 6673.  We take this opportunity to warn petitioner that we are authorized to impose a penalty of up to $25,000 on a taxpayer if the Court finds, among other things, that the taxpayer's position in proceedings is frivolous or groundless.  A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law.[6]  See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987); Nis Family Trust v. Commissioner, 115 T.C. 523, 544 (2000).

The purpose of section 6673 is to compel taxpayers to think and conform their conduct to settled tax principles.  Coleman v. Commissioner, supra; see also Takaba v. Commissioner, 119 T.C. 285, 295 (2002).  The section is a penalty provision intended to deter and penalize frivolous claims and positions in proceedings before this Court.

Petitioner makes numerous frivolous arguments on brief. Petitioner asserts that none of his income is taxable, arguing that wages are not income and no person is liable for income tax. Though we do not impose a penalty here, nor does respondent ask us to impose a section 6673 penalty, we caution petitioner that should he bring similar arguments before this Court in the

---

[6]We have jurisdiction to hear the case notwithstanding that we find petitioner's arguments frivolous.  Petitioner's assertions to the contrary are incorrect.

future, he is at risk that the Court is likely to impose such a penalty, up to $25,000.

We sustain respondent's determinations in the deficiency notice. We have considered all remaining arguments the parties made and, to the extent not addressed, we conclude they are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.