**Glenn E. KIERSTEAD; Carol L. Kierstead, Petitioners,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 07–74870.**

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2009.*

Filed May 11, 2009.

Anthony V. Diosdi, Esquire, Moskowitz & Ciu, San Francisco, CA, for Petitioners.

Robert R. Di Trolio, Esquire, Marion E.M. Erickson, Richard Morrison, Esquire, Kenneth Greene, Esquire, Supervisory, DOJ–U.S. Department of Justice, Donald L. Korb, Esquire, Acting Chief Counsel, Washington, DC, for Respondent.

Before: HUG, HAWKINS and TALLMAN, Circuit Judges.

MEMORANDUM **

Glenn and Carol Kierstead appeal the decision of the United States Tax Court finding them liable for accuracy-related penalties under I.R.C. § 6662. They claim

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

they should not be subject to penalties because they believed in good faith, based on advice of counsel, that their use of the G. Kierstead Holdings Trust and the G. Kierstead Family Trust (the "Trusts") was proper. We have jurisdiction under I.R.C. § 7482(a)(1), and we affirm.

The Commissioner's decision to impose negligence penalties is presumptively correct. *Hansen v. Comm'r*, 820 F.2d 1464, 1469 (9th Cir.1987). The taxpayer bears the burden of proving that he is eligible for an exception to the penalty. I.R.C. § 7491(a), (c); *Higbee v. Comm'r*, 116 T.C. 438, 446–47 (2001). We review for clear error the Tax Court's findings of fact and its finding that a taxpayer is liable for accuracy-related penalties. *See Keane v. Comm'r*, 865 F.2d 1088, 1090 (9th Cir. 1989); *Custom Chrome, Inc. v. Comm'r*, 217 F.3d 1117, 1121 (9th Cir.2000).

Reliance on the advice of a tax professional may demonstrate reasonable cause for an understatement of tax, if the reliance was reasonable and in good faith. *See United States v. Boyle*, 469 U.S. 241, 251, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985) (noting that a taxpayer may reasonably rely on an accountant's or attorney's advice regarding a matter of tax law); *Collins v. Comm'r*, 857 F.2d 1383, 1386 (9th Cir.1988); 26 C.F.R. § 1.6664–4(b)(1) (reliance on practitioner may be reasonable cause for understatement if "under all the circumstances such reliance was reasonable and the taxpayer acted in good faith"). We "examine the circumstances surrounding the advice to determine whether the taxpayer's actions were reasonable." *Hansen v. Comm'r*, 471 F.3d 1021, 1032 (9th Cir.2006).

Here, the Tax Court determined the Kiersteads had not proven that they received advice from competent professionals with sufficient expertise to justify reliance, and had not actually relied in good faith on the attorneys' advice. *G. Kierstead Fami-* *ly Holdings Trust v. Comm'r*, T.C. Memo. 2007–158, at 5 (2007). The record supports these findings. The Kiersteads first sought advice from attorney David Kallman. Mr. Kallman appears to be an experienced attorney, but does not hold himself out as a tax specialist. He advised the Kiersteads to seek specific advice from a tax attorney or Certified Public Accountant ("CPA"). He advised the Kiersteads of the general legal requirements for creating and operating business trusts. However, he did not advise them that all of the deductions actually taken were permissible uses of the Trusts. When questioned about the notion that a person might use a business trust to avoid all personal income tax, he testified the idea was "crazy stuff" and contrary to the advice he gives to his clients.

The Kiersteads apparently sought additional advice from David Carter, a tax attorney and CPA, but he did not testify at trial. Nor did the Kiersteads call as a witness William Yee, a tax preparer on whose advice they also purportedly relied. The Kiersteads introduced no evidence, other than Mr. Kierstead's own hearsay testimony, of Mr. Carter's or Mr. Yee's qualifications or the specific tax advice received from them.

The Tax Court considered and weighed all of the relevant evidence. It reasonably concluded that the Kiersteads failed to prove that they had received advice from a competent professional, the nature of that advice, or that reliance on such advice was justifiable. While the Kiersteads did put forth some evidence of their good faith, the Tax Court's determination that the Kiersteads were liable for penalties under I.R.C. § 6662 was not clearly erroneous.

AFFIRMED.