T.C. Memo. 2002-16

UNITED STATES TAX COURT

EUGENE J. MONAGHAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9981-99.             Filed January 16, 2002.

Eugene J. Monaghan, pro se.

<u>Alvin A. Ohm</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $20,582 deficiency

in petitioner's Federal income tax for the 1996 taxable year, and

a $2,498.85 addition to tax pursuant to section 6651(a)(1),[1] a

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

$1,055.07 addition to tax pursuant to section 6651(a)(2), and a $541.37 addition to tax pursuant to section 6654(a).

The issues for decision are: (1) Whether the amount received by petitioner in 1996 from his employer is taxable; (2) whether petitioner is liable for an addition to tax for failing to file a Federal income tax return; (3) whether petitioner is liable for an addition to tax for failing to pay Federal income tax; (4) whether petitioner is liable for an addition to tax for failing to make estimated Federal income tax payments; and (5) whether petitioner engaged in behavior warranting the imposition of a penalty pursuant to section 6673(a)(1).

## Background

Confronted with petitioner's refusal to work toward a stipulation of facts, respondent filed a Motion to Show Cause Why Proposed Facts and Evidence Should Not Be Accepted As Established under Rule 91(f) on September 18, 2000. On September 27, 2000, the Court issued an Order to Show Cause Under Rule 91(f), requiring petitioner to respond as to why matters set forth in respondent's motion should not be deemed admitted. Petitioner failed to file a response. On November 14, 2000, the Court made absolute its Order to Show Cause Under Rule 91(f), providing that the facts and evidence set forth in respondent's proposed stipulation of facts were deemed established.

The facts deemed established are: (1) At the time he filed his petition, petitioner resided in Grapevine, Texas; (2) in 1996, petitioner received $80,621 as compensation for services from his employer, Gulf Lake Contracting, $3,865 of taxable income from the sale of stocks and bonds, and $125 as dividend income; and (3) petitioner did not file a tax return for 1996.

Discussion

I. Taxability of Amount Received

Section 61 defines gross income as all income from whatever source derived. Gross income includes compensation for services. Sec. 61(a)(1).

Petitioner does not challenge whether he received the amounts nor the calculation of the amounts received by him. Petitioner contends: (1) His wages are not taxable income because he did not perform services within the "United States" as defined by section 31.3121(e)-1, Employment Tax Regs.;[2] and (2) the reported wages are based on an erroneously submitted Form W-2, Wage and Tax Statement, because petitioner did not voluntarily submit his Social Security number and sign a Form W-4, Employee's Withholding Allowance Certificate, which resulted in the issuance of the Form W-2.

---

[2] This regulation applies to employment taxes and has no effect on the income taxes that are at issue in this case.

Petitioner's arguments are nothing more than tax-protester rhetoric that has been universally rejected by this and other courts.  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Accordingly, we sustain respondent's determination that these amounts are taxable as income.

II.  Additions to Tax

A.  Section 6651(a)(1):  Failure To File

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 1996.  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  The taxpayer has the burden of proving that the addition is improper.  Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985).[3]  Petitioner stated that he did not file a

---

[3]  The Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726, added sec. 7491(c), which places the burden of production on the Secretary with respect to a taxpayer's liability for penalties and additions to tax in court proceedings arising in connection with examinations commencing after July 22, 1998.  Petitioner does not contend, nor is there evidence, that his examination commenced after July 22, 1998, or that sec. 7491 is applicable in this case.

return for 1996 and offered no evidence showing that his failure to file was due to reasonable cause and not due to willful neglect. Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1).

B. Section 6651(a)(2): Failure To Pay

Respondent also determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(2) for 1996.

Petitioner presented no evidence or argument that the addition was improper. Additionally, petitioner did not present evidence indicating that his failure to pay was due to reasonable cause and not due to willful neglect. Accordingly, on this issue, we sustain respondent's determination.

C. Section 6654(a): Failure To Pay Estimated Tax

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6654(a) for 1996. Section 6654(a) imposes an addition to tax for failure to pay estimated income tax. Petitioner did not offer any evidence at trial related to this issue and failed to address it on brief. Therefore, we sustain respondent's determination on this issue.

III. Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay. A

position maintained by a taxpayer in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986). A penalty is properly imposed when the taxpayer knew or should have known that his claim or argument was frivolous. See <u>Hansen v. Commissioner</u>, 820 F.2d 1464, 1470 (9th Cir. 1987).

We find that petitioner's arguments are frivolous. He has caused this Court to waste its limited resources on his erroneous views of the tax law which he should have known are completely without merit. In view of the foregoing, the Court will exercise our discretion under section 6673(a)(1), sua sponte, and require petitioner to pay a penalty to the United States in the amount of $1,500.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.