T.C. Memo. 2005-60

UNITED STATES TAX COURT

RICHARD JOHN FLORANCE, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11782-03.                    Filed March 29, 2005.

Richard John Florance, Jr., pro se.

<u>Adam L. Flick</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment and motion to impose a
penalty under section 6673.[1]

_____

   [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

Background

By notice of deficiency, respondent determined a deficiency of $3,300 and additions to tax of $825 and $176.55 pursuant to sections 6651(a)(1) and 6654(a), respectively, in petitioner's 1997 Federal income tax.

On July 17, 2003, petitioner invoked the jurisdiction of this Court by filing an improper petition.

On July 21, 2003, the Court ordered petitioner to file a proper amended petition on or before September 19, 2003.

On August 13, 2003, petitioner filed a status report acknowledging receipt of the Court's July 21, 2003, order and stating that the case could be resolved without an amended petition once "Regional or District Counsel" was assigned.

On September 17, 2003, petitioner filed an amended petition. Petitioner requested that this case be conducted under the small tax case procedure. In the amended petition, petitioner noted that in the notice of deficiency respondent made an adjustment for $15,000 in wages he admitted he received in 1997 but failed to include an additional $37,000 in wages petitioner received during 1997.

On December 15, 2003, petitioner filed a motion for judgment on the pleadings. Petitioner characterized the primary issue in his case as whether he was a "taxpayer" and asserted that he had challenged this issue. The motion for judgment on the pleadings

also contained other frivolous and groundless statements, contentions, and arguments.

On January 9, 2004, the Court denied petitioner's motion for judgment on the pleadings.

By notice dated February 10, 2004, the Court set this case for trial at the Court's Dallas, Texas, session beginning April 26, 2004. This notice specifically stated: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

On March 8, 2004, petitioner filed a motion for continuance.

On March 17, 2004, the Court denied petitioner's motion for continuance. The Court also ordered that petitioner's request for admissions be returned to petitioner unfiled, and that petitioner and respondent meet as soon as practical for purposes of informal discovery and to complete a stipulation of facts as required by Rule 91 (March 17 order). In the March 17 order, we stated: "Respondent further objects that petitioner's request document 'requests respondent to admit to matters that are irrelevant, conclusions of law, frivolous arguments and not properly discoverable.' We do not disagree."

On March 18, 2004, petitioner filed a motion to remove the small tax case designation and another document the Court filed as petitioner's pretrial memorandum. The pretrial memorandum

contained frivolous and groundless statements, contentions, and arguments.

On March 19, 2004, the Court granted petitioner's motion to remove the small tax case designation and ordered respondent to file an answer to the amended petition on or before April 19, 2004.

On March 25, 2004, petitioner filed a notice of nonacquiescence to the March 17 order and a motion for continuance.

On March 30, 2004, the Court denied petitioner's motion for continuance.

On April 2, 2004, respondent filed an answer. In the answer, respondent affirmatively alleged that (1) he received a proposed set of stipulations from petitioner, (2) petitioner attached a Form W-2, Wage and Tax Statement, for 1997 from Enterprise Network Systems, Inc., listing petitioner's name and address and $37,019.21 in wages paid to petitioner, (3) the Form W-2 has a typographical error in which the numerals in petitioner's Social Security number have been transposed, (4) on the basis of petitioner's admission of receipt of this income in his amended petition and the Form W-2 respondent proposed an increased deficiency for petitioner for 1997, and (5) the total deficiency for 1997 is $12,006. Additionally, upon the basis of the additional unreported income from Enterprise Network Sys.,

Inc., not contained in the notice of deficiency, respondent also asserted that the total additions to tax pursuant to sections 6651(a) and 6654(a) are $3,001.50 and $642.33, respectively.

That same day, petitioner filed a motion to shift the burden of proof to respondent pursuant to section 7491 and a motion for interlocutory review of the March 17 order.

On April 9, 2004, petitioner filed a notice of refusal to stipulate.

On April 13, 2004, the Court denied petitioner's motion for interlocutory review. In order to give petitioner time to file a reply to the answer, the Court also ordered this case stricken from the Court's Dallas, Texas, session beginning April 26, 2004, and continued it generally.

On April 22, 2004, petitioner filed a motion for stay, an objection regarding the docket sheet, a second motion for judgment on the pleadings, and a motion for interlocutory appeal.

In the objection, petitioner objected to the capitalization of certain letters of his name and to the address listing petitioner as a "resident" of a State "via the identifier of 'TX.'" Petitioner claimed he was not a resident of that State. In his objection regarding the docket sheet, beneath his signature, petitioner listed his address as 1908 Vassar Drive, Richardson, Texas 75081. This is the same address that petitioner had listed in his imperfect petition.

In the motion for interlocutory review, petitioner requested interlocutory review of all the orders of the Court and stated: "This notice intends also to cover prospectively any such order as it becomes a decision of the Tax Court."

On April 28, 2004, the Court denied petitioner's motion for stay, motion for judgment on the pleadings, and motion for interlocutory appeal.

On May 12, 2004, the Court notified respondent that petitioner had filed on April 2, 2004, a motion to shift the burden of proof and that if there was an objection, a notice of objection had to be filed on or before June 1, 2004.

On May 28, 2004, respondent filed an objection to petitioner's motion to shift the burden of proof, and pursuant to Rule 37, filed a motion for entry of order that undenied allegations in the answer to the amended petition be deemed admitted.

On June 4, 2004, the Court denied petitioner's motion to shift the burden of proof. The Court also notified petitioner that respondent had filed on May 28, 2004, a motion for an order that the specified affirmative allegations in the answer be deemed admitted; that if petitioner filed a reply as required by Rule 37 on or before June 24, 2004, respondent's motion would be denied; and that if petitioner did not file a reply, the Court

would grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer.

On June 21, 2004, petitioner filed a reply. In the reply, petitioner admitted respondent received a proposed set of stipulations from petitioner; petitioner attached the Form W-2 for 1997 from Enterprise Network Sys., Inc., listing petitioner's name and address; and petitioner admitted that the Form W-2 has a typographical error in which the numerals in petitioner's Social Security number have been transposed. Petitioner denied that a deficiency exists or that any additions to tax are justified.

On June 22, 2004, the Court denied respondent's motion for entry of order that undenied allegations in the answer to the amended petition be deemed admitted.

By notice dated June 30, 2004, the Court set this case for trial at the Court's Dallas, Texas, session beginning December 6, 2004. This notice specifically stated: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Attached to this notice was the Court's standing pretrial order.

On November 12, 2004, the Court lodged respondent's objection to petitioner's request for admissions. Respondent

attached a copy of petitioner's request for admissions to his objection.[2]

On November 16, 2004, pursuant to Rule 90, the Court ordered petitioner to file his request for admissions. Petitioner failed to do so.

On November 22, 2004, petitioner filed a status report. The status report alleged criminal conduct by the Court and contained disrespectful and vulgar statements directed to the Court.

Petitioner failed to appear at the call or recall of his case.

On December 13, 2004, respondent filed a motion for summary judgment and a motion to impose a penalty under section 6673. Petitioner filed no response to either motion.

Discussion

A. Motion for Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

---

[2] We note that petitioner's requests included: "'Taxpayer' means fiduciary", "'United States' is a federal corporation", and "'UNITED STATES OF AMERICA' is another federal corporation".

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

### 1. Deficiency Determined in the Notice of Deficiency

Petitioner did not appear at trial. We previously ruled that the burden of proof did not shift to respondent pursuant to section 7491(a). Petitioner bears the burden of proof for the deficiency determined in the notice of deficiency. See Rule 142(a). Petitioner failed to produce any evidence to rebut the deficiency determined by respondent in the notice of deficiency. Accordingly, we sustain respondent's deficiency determination contained in the notice of deficiency.[3]

### 2. Increased Deficiency

Respondent bears the burden of proof on the increased deficiency. See id. The increased deficiency derives from $37,019.21 in wages paid to petitioner by Enterprise Network Sys., Inc. This amount is income to petitioner. See sec. 61.

Petitioner, as early as the amended petition, admitted receiving this income and provided respondent a document to support this admission. Petitioner further admitted that this amount was not included in the notice of deficiency.

---

[3] We note that, in the alternative, we could have dismissed this portion of the case pursuant to Rule 123(b). Cf. White v. Commissioner, T.C. Memo. 1997-459.

Accordingly, we conclude that petitioner is liable for the increased deficiency.

### 3.   Additions to Tax

#### a.   Burden of Production:  Section 7491(c)

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax and penalties.  "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount".  Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  If a taxpayer files a petition alleging some error in the determination of an addition to tax or penalty, the taxpayer's challenge will succeed unless the Commissioner produces evidence that the addition to tax or penalty is appropriate.  Swain v. Commissioner, supra at 363-365. The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority.  Higbee v. Commissioner, supra at 446-447.

#### b.   Section 6651(a)(1)

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 1997.  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any

extension of time for filing), unless such failure is due to reasonable cause and not due to willful neglect.

Respondent submitted a certified transcript of petitioner's account for 1997. The certified transcript states that petitioner did not file a return for 1997. Accordingly, respondent has met his burden of production for the section 6651(a)(1) addition to tax for 1997.

Petitioner has not established that his failure to timely file for 1997 was due to reasonable cause. See Higbee v. Commissioner, supra at 446-447. Accordingly, petitioner is liable for the section 6651(a)(1) addition to tax for 1997.

c.    Section 6654(a)

Section 6654 imposes an addition to tax for failure to pay estimated income tax. Respondent submitted petitioner's Form W-2 for 1997 from Enterprise Network Sys., Inc., and a certified transcript of petitioner's account for 1997. The forms indicate that petitioner did not have any Federal income tax withheld and did not make any estimated income tax payments for 1997. We conclude that respondent has satisfied his burden of production regarding this issue. Thus, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see Higbee v. Commissioner, supra at 447.

We find that petitioner had no income tax withheld and paid no estimated income taxes for 1997 and that no exception pursuant to section 6654(e) applies.  We hold that petitioner is liable for the addition to tax pursuant to section 6654(a).

    4.   Section 6673

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Petitioner filed numerous frivolous documents and motions with the Court.  Petitioner has advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986).  We will not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do

so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

We conclude petitioner's position was frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay. Accordingly, pursuant to section 6673(a) we hold petitioner is liable for a $10,000 penalty.

To reflect the foregoing,

An appropriate order and decision will be entered.