T.C. Memo. 2007-65

UNITED STATES TAX COURT

JAMES O. DAVENPORT, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7515-05.                    Filed March 21, 2007.

James O. Davenport, Jr., pro se.

<u>Kim-Khanh Thi Nguyen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined an $11,038 deficiency

and a $1,431.50 addition to tax pursuant to section 6651(a)(1)[1]

in petitioner's 2001 Federal income tax.  At the close of trial,

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

respondent orally moved to impose a $5,000 penalty pursuant to section 6673. After concessions, the issues for decision are: (1) Whether the pension distributions petitioner received during 2001 from the Defense Finance and Accounting Service and from the Thompson-Ramo-Wooldridge (TRW) pension plan are includable in income for 2001; and (2) whether the Court should impose a penalty pursuant to section 6673.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, stipulation of settled issues, and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Apple Valley, California.

Petitioner had been a reserve officer in the U.S. Air Force. During 2001, petitioner received $44,183 in retirement pension distributions from the Defense Finance and Accounting Service on account of his prior service as a reserve officer in the U.S. Air Force. Petitioner was not injured while serving in the U.S. Air Force, and the retirement pension distributions were paid for petitioner's prior service in the U.S. Air Force and not on account of a disability.

Petitioner had been an engineer for TRW. During 2001, petitioner received $3,040 in retirement pension distributions from the TRW pension plan.

Petitioner submitted to the Internal Revenue Service a Form 1040, U.S. Individual Income Tax Return, for 2001 listing only zeros, e.g., listing zero income and zero tax due. Attached to the Form 1040 was an affidavit from petitioner containing frivolous and groundless arguments.

OPINION

I. Deficiencies

Section 61 defines gross income as all income from whatever source derived. Gross income includes, among other things, pensions and annuities. Sec. 61(a); see also sec. 72.

Petitioner admits that he received the income listed in the notice of deficiency from the Defense Finance and Accounting Service and from the TRW pension plan. Petitioner admits that the amounts received from the Defense Finance and Accounting Service were not amounts received as a pension or annuity for personal injury or sickness resulting from active service in the Armed Forces or as a disability annuity. See sec. 104(a)(4) (excluding such amounts from income).

Accordingly, we conclude that the pension distributions petitioner received during 2001 from the Defense Finance and Accounting Service and from the TRW pension plan are includable in income for 2001.

II.  Section 6673

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Respondent repeatedly warned petitioner that his arguments are frivolous.  Respondent provided petitioner with a copy of "The Truth About Frivolous Tax Arguments".  Respondent directed petitioner to, among other things, sections 61 and 72.

Additionally, petitioner is no stranger to this Court.  In docket No. 16886-04, petitioner also argued that distributions from the Defense Finance and Accounting Service and from the TRW pension plan for 2000 were not taxable.  On December 14, 2005, we granted summary judgment for respondent in docket No. 16886-04 and entered an order and decision holding, among other things, that the distributions from the Defense Finance and Accounting

Service and from the TRW pension plan for 2000 were income and taxable to petitioner.

In docket No. 9757-05L, a section 6330 case regarding collection of petitioner's 1999 tax liability, respondent filed a motion for summary judgment and to impose a penalty under section 6673. In docket No. 9757-05L, petitioner advanced frivolous and groundless arguments, and on March 20, 2006--7 months prior to the trial of the instant case--the Court entered an order and decision granting respondent's motion to impose a penalty under section 6673 and imposing a penalty of $2,500 pursuant to section 6673.

Furthermore, in the case at bar, on May 4, 2006, in an order granting partial summary judgment to respondent, this Court stated: "Petitioner is admonished not to pursue frivolous arguments which have been rejected by both this Court and the Court of Appeals for the Ninth Circuit. Should petitioner continue to pursue those frivolous arguments, this Court will impose a penalty on petitioner under section 6673." At trial, the Court reminded petitioner of this admonishment. Petitioner stated that he was familiar with section 6673.

Petitioner continued to advance frivolous arguments, e.g., the definition of "income" in section 61 "is used in its constitutional sense" and shopworn arguments regarding the 16th Amendment characteristic of tax-protester rhetoric that has been

universally rejected by this and other courts.  <u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986).  We do not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

Petitioner was warned several times by respondent and the Court that his arguments were frivolous and without merit, and that if he continued to advance them he could be subject to a penalty of up to $25,000.  Even after receiving repeated warnings, and the Court imposing a penalty of $2,500 pursuant to section 6673 in another docket only 7 months before the trial of this case, petitioner continued to advance frivolous and meritless arguments.

We conclude petitioner's position was frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay.  Accordingly, pursuant to section 6673(a), we hold petitioner is liable for a $5,000 penalty.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.