T.C. Memo. 2007-71

UNITED STATES TAX COURT

WILLIAM J. BRUMBACK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13821-05L.                Filed March 28, 2007.

William J. Brumback, pro se.

<u>Erin K. Salel</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment and to impose a penalty
under section 6673.  All section references are to the Internal
Revenue Code, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

## Background

Petitioner submitted to the Internal Revenue Service a Form 1040, U.S. Individual Income Tax Return, for 2001 listing only zeros; i.e., listing zero income and zero tax due.

Respondent mailed petitioner a statutory notice of deficiency for 2001. Petitioner received the notice of deficiency for 2001. Petitioner, however, did not petition the Court regarding the notice of deficiency for 2001.

On July 30, 2004, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing (NFTL) with respect to 2001. The NFTL listed $33,108.45 of tax owed for 2001. The NFTL also listed section 6702 frivolous return penalties owed for 2000, 2001, and 2002.

On or about August 14, 2004, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing (hearing request). Attached to the hearing request, petitioner wrote that there were irregularities, errors and/or defects in the: Accounting records of the Internal Revenue Service, record of assessment, summary record of assessment, verification and validity of his tax liability, and returns prepared for or executed for him. Petitioner did not propose any collection alternatives.

On October 29, 2004, Settlement Officer Wendy Clinger sent petitioner a letter advising him he would not receive a face-to-

face section 6330 hearing on the issues he raised in his hearing request because they have been determined by the courts to be frivolous or issues that the Appeals Office does not consider. Ms. Clinger offered petitioner a telephone conference on November 18, 2004. Ms. Clinger also advised petitioner that he had 15 days to submit a list of relevant and nonfrivolous matters (such as submitting collection alternatives) that he wished to discuss at the section 6330 hearing, in which case he would be granted a face-to-face section 6330 hearing.

On November 3, 2004, petitioner sent a letter to Ms. Clinger containing frivolous and groundless arguments and stated that he wanted a face-to-face section 6330 hearing.

On November 18, 2004, Ms. Clinger called petitioner but did not speak to him. She left a message on an answering machine with her name and telephone number. Petitioner did not call Ms. Clinger back.

Ms. Clinger reviewed the administrative file for 2001 and confirmed that respondent had complied with all applicable laws and administrative procedures regarding 2001. During this review, Ms. Clinger discovered that petitioner's assessment for 2001 was too high, and, even though petitioner was not entitled to challenge his underlying liability in the section 6330 hearing, she had the assessment corrected (i.e., it was partially abated).

On June 28, 2005, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to petitioner regarding his 2001 tax year. In the notice of determination, respondent determined to sustain the collection action.

On July 25, 2005, petitioner timely filed a petition regarding the notice of determination. The petition contains frivolous and groundless arguments.

On January 31, 2006, in response to petitioner's lengthy and frivolous discovery requests, respondent sent petitioner a letter providing him excerpts from "The Truth About Frivolous Tax Arguments".

On July 5, 2006, respondent sent petitioner a letter that noted that petitioner's continuing discovery requests were frivolous and groundless, and it appeared that their only purpose was for delay. Petitioner was advised of the provisions of section 6673 and that respondent would file a motion requesting sanctions under section 6673.

On July 19, 2006, respondent sent petitioner another letter. Attached were copies of his Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 2001; a summary record of assessments for 2001; and "The Truth About Frivolous Tax Arguments". Respondent directed petitioner's

attention to specific pages of "The Truth About Frivolous Tax Arguments" regarding petitioner's contentions.

On August 21, 2006, respondent filed a motion for summary judgment and to impose a penalty under section 6673.

On August 24, 2006, the Court ordered petitioner to file on or before September 8, 2006, any objection to respondent's motion for summary judgment and to impose a penalty under section 6673.

On September 5, 2006, petitioner filed an objection to respondent's motion for summary judgment and to impose a penalty under section 6673.  In the objection, petitioner made frivolous and groundless arguments.

On September 12, 2006, the Court ordered respondent's motion for summary judgment and to impose a penalty under section 6673 calendared for hearing at the Court's San Diego, California, session beginning September 25, 2006.

Petitioner appeared at the calendar call and made an oral motion for a continuance which the Court denied.  At the hearing on respondent's motion for summary judgment and to impose a penalty under section 6673, petitioner filed a supplemental response to motion for summary judgment.  At the hearing, petitioner made several frivolous objections which the Court denied.  Petitioner was evasive in answering the Court's questions.

## Discussion

### I. Motion for Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

### II. Determination To Proceed With Collection

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323. Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e)--which provide for, among other things, the conduct of the hearing, the making of a determination, and jurisdiction for court review of the section 6330 determination. Sec. 6320(c).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). If a taxpayer received a statutory notice of deficiency for the years in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

Petitioner received a notice of deficiency for 2001. Accordingly, he cannot challenge his underlying liabilities. See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183. Therefore, we review respondent's determination for an abuse of discretion. See Sego v. Commissioner, supra at 610.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. See Rule 331(b)(4).

Accordingly, we conclude that respondent did not abuse his discretion, and we sustain respondent's determination to proceed with collection.

III. Section 6673

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay. A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Petitioner has advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986). We do not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Petitioner was warned by

respondent and the Court that his arguments were frivolous and without merit, and that if he continued to advance them he could be subject to a penalty of up to $25,000.  Even after receiving these repeated warnings, petitioner continued to advance frivolous and meritless arguments.

We conclude petitioner's position was frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay.  Accordingly, pursuant to section 6673(a) we hold petitioner is liable for a $5,000 penalty.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.